## 49545. STEPHENS v. BANK OF CAMILLA.

EVANS, Judge.
In 1968, Harry Frosteg executed a note in favor of Mary Brooks Stephens in the amount of $8,750. As security for Stephens' loan, Frosteg, as president of Thomasville Tobacco Warehouses, Inc., gave Stephens a security interest in certain lease-purchase agreements it had with Bish Leasing Co., Inc., secured by the equipment listed in the leases. The above security to Stephens was

inferior to four other financing statements in favor of Bish. All were filed in the Mitchell County Records. The Stephens security stated the collateral to be: "5 leases on equipment; (see file) Proceeds & Products."

On or about September 18, 1968, a refinancing arrangement was made by Frosteg through the Bank of Camilla in which Bish was paid in full, the equipment conveyed to Thomasville Warehouses, Inc., and the leases terminated. Thomasville then conveyed same to Pelham Peanut Company. On September 25, 1968, Pelham Peanut Company obtained a loan of $70,700 from the Bank of Camilla using this same equipment as collateral, and the financing statement was recorded on October 10, 1968.

Pelham then defaulted; foreclosure proceedings were instituted by the Bank of Camilla on or about November 21, 1970; and the property sold at public outcry by the Sheriff and purchased by the Bank of Camilla for $40,000. No notice of the foreclosure or sale was given to Stephens except the public advertisement of the sale.

Mary Brooks Stephens, who had not been notified of the public sale, made demand upon Bank of Camilla for payment of her loan. Failing to obtain any sort of satisfaction, she then sued Bank of Camilla for failing to comply with Code Ann. § 109A-9—504 (3) as to giving her notice of the sale, and in precluding her from foreclosing on the equipment which was collateral for her loan. Defendant filed numerous defenses, including no claim for relief, and denial of the claim. After discovery, defendant moved for summary judgment and after a hearing the motion was granted. Plaintiff appeals. *Held:*

1. Property listed in financing statements need not be specific but must only reasonably identify same, as in this case, giving the dated leases between Thomasville Tobacco Warehouses, Inc. and Bish Leasing Co., the amount of same, "secured by" the equipment listed in the leases and its location. Code Ann. §§ 109A-9—109, 109A-9—110 (Ga. L. 1962, pp. 156, 388). In addition, the collateral was shown to be: "5 leases on equipment; (see file) Proceeds & Products."

2. In the event of default, the creditor may make

disposition of collateral which may be sold by public sale which is commercially reasonable *provided reasonable notice of the time and place be sent to the debtor or any other person who has a security interest in the collateral who had duly filed a financing statement properly indexed or who is known by the secured party to have a security interest in the collateral.* Code Ann. § 109A-9—504 (3) (Ga. L. 1962, pp. 156, 422); *Motor Contract Co. v. Sawyer,* 123 Ga. App. 207 (1, 3) (180 SE2d 282); *Smith v. Singleton,* 124 Ga. App. 394 (1) (184 SE2d 26).

3.  Upon the failure of a secured party to comply with the above requirements as to notice, the debtor or any person entitled to notification or whose security interest has been made known to the secured party prior to disposition has the right to recover from the secured party *any loss caused by the failure to comply with the provisions of the law.* Code Ann. § 109A-9—507 (Ga. L. 1962, pp. 156, 425).

4.  The defendant bank while possibly occupying the position of a holder of purchase money security interest in paying off the indebtedness owed to Bish on the leases (see Code Ann. § 109A-9—312), nevertheless has subjected itself to suit by failing to completely comply with Code Ann. § 109A-9—507 in that it failed to notify another person who was entitled to notice as to such public sale. The property described in plaintiff's financing statement reasonably identified the collateral, said notice being sufficient to put defendant on notice of its claim. Thus, the plaintiff was entitled to notification of the public sale. Therefore, questions of fact remain for determination of a jury as to whether or not she was damaged by not receiving such notice.

*Judgment reversed. Pannell, P. J., concurs. Webb, J., concurs in the judgment only.*

Argued July 9, 1974 — Decided October 17, 1974 — Rehearing denied November 5, 1974 —

*Wingate & Bartlett, Harry L. Wingate, Jr.,* for appellant.

*Twitty & Twitty, Frank S. Twitty,* for appellee.