## 29536. BANK OF CAMILLA v. STEPHENS.

JORDAN, Justice.

We granted certiorari in this case to review the decision of the Court of Appeals in *Stephens v. Bank of Camilla,* 133 Ga. App. 210 (210 SE2d 358).

The facts relevant to this review are as follows: In February of 1968, Mary Stephens, respondent in certiorari, loaned $8,750 to Thomasville Tobacco Warehouses, Inc. The corporation executed a note in favor of respondent for the amount loaned, and as collateral gave her a security interest in certain lease purchase agreements it had with Bish Leasing Co., Inc. A financing statement, covering the collateral, was filed by respondent on February 19, 1968.

In September of 1968 Thomasville Warehouses, Inc., negotiated a refinancing arrangement through petitioner in certiorari, the Bank of Camilla. The effect of the

arrangement was that money was advanced to Thomasville Warehouses, Inc. to purchase the leased property from Bish Leasing, said property was conveyed to Thomasville Warehouses, Inc., then transferred by bill of sale to the Pelham Peanut Company who signed a note in favor of the bank for $70,700, secured by the property purchased from Bish Leasing. Both the Pelham Peanut Company and Thomasville Warehouses, Inc. are run by Harry Frosteg. The Bank of Camilla filed a financing statement covering the collateral on October 10, 1968.

The Pelham Peanut Company subsequently defaulted on the loan and in November of 1970 the Bank of Camilla instituted foreclosure proceedings, with the property eventually being sold at a public sale, and bought by the Bank of Camilla for $40,000. The only notice of the foreclosure sale was through public advertisement in the newspaper.

Respondent made demand on the petitioner for payment of her loan and after being unable to obtain any satisfaction sued the bank for damages arising out of their failure to comply with Code Ann. § 109A-9—504 (3) as to sending her notice of the foreclosure sale. Respondent based her claim for damages on Code Ann. § 109A-9—507 (1) which provides for damages in the event a secured party fails "to comply with the provisions of this Part."

The defendant bank filed several defenses to the complaint and a motion for summary judgment. After a hearing, the trial court granted the bank's motion for summary judgment and Mrs. Stephens filed a timely notice of appeal.

The Court of Appeals reversed the trial court holding that (1) respondent's financing statement was sufficient notice to the bank of her interest in the equipment; (2) that having notice of respondent's security interest, the bank was required by Code Ann. § 109A-9—504 (3) to notify her of the public sale; and (3) that since the required notice had not been sent, there was a question of fact as to whether Mrs. Stephens had suffered any loss, the recovery of which is covered by Code Ann. § 109A-9—507 (1).

We granted certiorari in this case to review the following two questions: "(1) Assuming that the plaintiff had a protected security interest in the subject property

superior to that of the defendant, why and how did the defendant's action prevent the plaintiff from pursuing her remedies against the property"; and "(2) If the plaintiff could have pursued her remedies against the property after the defendant's foreclosure, did she have a separate and independent cause of action against the defendant."

After a careful review, we have concluded that the Court of Appeals correctly decided the case and we affirm.

The language contained in the statute lends itself to the Court of Appeals interpretation. Code Ann. § 109A-9—504 (1) uses the phrase "subordinate security interest" twice when referring to a junior lienholder's interest in the subject property, § 504 (4) refers to security interests and liens subordinate to the one under which the disposition is taking place, while Code Ann. § 109A-9—504 (3) requires that notice be sent to "the debtor, and except in the case of consumer goods *to any other person who has a security interest in the collateral* and who has duly filed a financing statement indexed in the name of the debtor in this State or who is known by the secured party to have a security interest in the collateral." In the absence of any limiting language in the notification requirement the legislature's intent seems clear.

It should be noted that in 1972 the drafters of the Uniform Commercial Code changed the notice portion of Code Ann. § 109A-9—504 (3) to read as follows: "In other cases notification shall be sent to any other secured party from whom the secured party has received (before sending his notification to the debtor or before the debtor's renunciation of his rights) written notice of a claim of an interest in the collateral." Georgia has not adopted this revision, but the official reasons for the change are relevant to the question before us now.

The official reasons given in the UCC Appx. p. 103 Uniform Commercial Code Reporting Service, are in part as follows: "Under the 1962 Code the secured party giving notice of sale had to notify (except in the case of consumer goods) not only *every other person who had duly filed a financing statement indexed in the name of the debtor in the state and who still had a security interest in the collateral, but also any other person known by the secured party to have an interest in the collateral.* This meant that

the secured party had to search the records in every case of notice of sale, to ascertain whether there were *any other secured parties with financing statements that might be deemed to cover the collateral in question.* Moreover, he ran the risk that some informal communication by letter, or even orally, might be deemed to have given him knowledge of the interest of that other party." (Emphasis supplied.)

A logical interpretation of our Code section in light of the 1972 revision and the comments thereon would be that it contemplated notice to every other secured party who met the requirements of the Code. If such is the case, then respondent was entitled to notice before the sale, and would therefore be eligible to bring a suit for damages under Code Ann. § 109A-9—507 (1) which states in part that: "If it is established that the secured party is not proceeding in accordance with the provisions of this Part disposition may be ordered or restrained on appropriate terms and conditions. If the disposition has occurred the debtor *or any person entitled to notification or whose security interest has been made known to the secured party prior to the disposition* has a right to recover from the secured party any *loss* caused by a failure to comply with the provisions of this Part." (Emphasis supplied.)

The question of whether respondent can prove a loss or whether she meets the other requirements of the Code are questions of fact and we intimate no opinion thereon; the full extent of this opinion is a holding that a secured party who holds an interest senior to the one held by the secured party selling property at public sale and who meets the other requirements of the Code, must be sent notification of the sale, and a failure to do so would give rise to a cause of action under Code Ann. § 109A-9—507 (1).

The Court of Appeals did not err in reversing the trial court's grant of the petitioner's motion for summary judgment.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JANUARY 27, 1975 — DECIDED APRIL 22, 1975 — REHEARING DENIED MAY 6, 1975.

*Twitty & Twitty,* for appellant.
*Wingate & Bartlett, Harry L. Wingate, Jr., Fred E. Bartlett, Jr.,* for appellee.