## 53576. THURMOND v. ELLIOTT FINANCE COMPANY et al.

ARGUED MARCH 2, 1977 — DECIDED MARCH 11, 1977.

*Oliver K. Mixon, Claude L. Emerson,* for appellant. *Jones, Cork, Miller & Benton, Hubert C. Lovein, Jr.,* for appellees.

DEEN, Presiding Judge.

The sole question raised by this appeal is whether a tort imputable to the finance company was committed by

its agent so as to permit venue in Richmond County, the company being served by a second original process. Where collateral is repossessed after default Code § 109A-9—504 gives the secured party a right to dispose of it by public or private sale, but this must be done in a commercially reasonable manner in default of which under Code § 109A-9—507 the debtor is entitled to stated remedies including an action for damages. These rights are built into the fabric of the law and cannot be waived. Code § 109A-9—501 (3) (e). Nor does the Commercial Code itself block out additional remedies to which either party would otherwise be entitled. We have therefore limited our inquiry to determining whether there is a common law remedy for any act of misfeasance on the part of Rowland so as to render him personally liable, for if he is not, the company cannot be sued in Richmond County as a joint tortfeasor.

The company had a statutory and contractual right to repossess the vehicle upon the admitted default in monthly payments. Code § 109A-9—503. Therefore, such repossession by an agent of the lending company is not a conversion, even though without notice to the debtor. Thompson v. Ford Motor Credit Co., 324 FSupp. 108. Nor is a private sale of a vehicle so appropriated a conversion even though its terms are not commercially reasonable as required by Code § 109A-9—504 (3). Rangel v. Bock Motor Co., 437 SW2d 329. The remedy is therefore the statutory action for damages against the company, and under the circumstances of this case the court had no jurisdiction of the corporate defendant.

Although the judgment actually entered in this case sustained the motion for summary judgment of the finance company, the trial judge's opinion makes it clear that he is in fact dismissing for lack of venue without passing on the merits of the case. See in this regard *Granite Equipment Leasing Corp. v. Marine Development Corp.,* 139 Ga. App. 778 (230 SE2d 43); 4 Anderson, Uniform Commercial Code, 641, § 9-507:4; Alliance Discount Corp. v. Shaw, 171 A2d 548. The burden of showing that the resale was commercially reasonable remains with the lender.

*Judgment affirmed. Webb and Marshall, JJ.,*

*concur.*