## 55342. VINES v. CITIZENS TRUST BANK et al.

McMurray, Judge.

In early 1974 A. F. Vines purchased a new Cadillac automobile, obtaining a loan for $6,600 from Citizens Trust Bank. He executed a consumer motor vehicle note evidencing said indebtedness. A security title and security interest in the automobile was also granted to Citizens Trust.

Under the terms of the note Vines was to begin repaying the debt monthly, the first payment due on April 8, 1974, and the same amount due on the 8th day of each month thereafter for 35 consecutive months. Vines was often late with his payments and on several occasions issued checks to Citizens Trust which were returned for insufficient funds. His automobile was also repossessed on more than one occasion but upon his payment of the arrearage and a small late charge it was given back to him.

In September, 1975, when Vines again became behind in his payments, the bank wrote Vines that the note had been accelerated to maturity, was then due and owing by reason of his default. On September 10, 1975, the automobile was once again repossessed. Vines contends that Citizens Trust agreed to return possession of the automobile to him if he would bring the account current and pay late charges as it had done in the past, and when he brought in and tendered the agreed amount of money, however, it was refused, and Citizens Trust now

insisted on an amount that was twice the amount of the arrearage; that he was given time to come up with the additional money, but when he came to the bank to pay the additional amount he was informed that his automobile had been sold for the sum of $4,311.51.

Whereupon, Vines sued Citizens Trust Bank, Nationwide Vehicle Return, Inc., a corporation who allegedly picked up his Cadillac and removed it from his property, and two agents and employees of the said defendant bank, seeking damages for conversion of the automobile as well as certain personal property located in the automobile. By amendment he added several other servants, agents and employees of Citizens Trust Bank as defendants.

The defendants answered, generally denying the averments of the complaint. Nationwide filed a cross claim against Citizens Trust for indemnification and reimbursement on the ground that it had acted solely at the specific instructions of Citizens Trust. Citizens Trust then moved for summary judgment contending the automobile was repossessed pursuant to law after proper notice of its election to declare the note in default and to accelerate it to maturity, was repossessed without a breach of the peace and following repossession was properly disposed of in accordance with law. Further, it contends: Since there was no utilization of state judicial process Vines was not entitled to a hearing prior to repossession. There has been no unlawful repossession of his Cadillac or conversion of his personal property. Therefore, the defendant Citizens Trust, its president (Funderberg), and the manager of the auto loan department (Clement, vice president in charge of loans) are entitled to judgment; and since there is no material issue of fact in dispute it is likewise entitled to judgment against the defendant Nationwide Vehicle Return, Inc. with respect to all its allegations contained in its cross claim. By amendment to the motion, Wood, assistant cashier and an employee in the collection and recovery department, and Russell, chairman of the board, moved for summary judgment. Nationwide also moved for summary judgment. The motions were granted, although Citizens Trust's motion against Nationwide was held to

be moot. Plaintiff appeals. *Held:*

1. Vines acknowledged that self-help repossession had been ruled to be legal in Georgia and that under the terms of his agreement with Citizens Trust Bank in the event of default the bank is entitled to declare acceleration of the debt without notice to him and to utilize self-help repossession to recover the vehicle pledged as security on the debt. Vines contends that the bank has permitted and participated in a course of conduct with him of allowing repeated arrearages, late payments and return of the vehicle to him after repossession. The record of payments on the loan in question shows that penalties for late payments have been assessed against Vines approximately 10 times, that checks written by Vines have been returned for lack of sufficient funds four times, and that on one previous occasion the vehicle was repossessed but eventually returned to Vines. Vines argues that the usual principles of law governing his relationship with the bank are inapplicable as the actions of the bank in permitting the arrearages, late payments and return of the vehicle after repossession have resulted in an estoppel against the bank from asserting its contractual and statutory rights until such time as notice is given Vines that the bank insists upon strict compliance with the terms of the original agreement, citing *Pierce v. Leasing International, Inc.,* 142 Ga. App. 371, 373 (235 SE2d 752). Also see Code § 20-116; *Verner v. McLarty,* 213 Ga. 472, 475 (1) (99 SE2d 890); *B-Lee's Sales Co. v. Shelton,* 141 Ga. App. 870, 871 (234 SE2d 702).

The bank contends that it sent a letter to Vines prior to the time of the repossession of the vehicle which was sufficient to apprise Vines that the bank would in the future insist upon the terms of the original agreement.

Affidavits presented by the bank show that the letter was written, properly addressed to Vines, correct postage was attached, the letter was deposited in the United States mail and was never returned to the bank. The bank, relying upon *Edmondson v. Air Service Co.,* 123 Ga. App. 263 (2) (180 SE2d 589); *Sullivan Enterprises, Inc. v. Stockton,* 118 Ga. App. 542 (164 SE2d 336); *Canal Ins. Co. v. Tate,* 111 Ga. App. 377, 384 (141 SE2d 851), contends

that a legal presumption arises that the letter was received by Vines. Vines testified in his deposition that he did not remember receiving the letter, thereby rebutting any legal presumption and creating an issue of fact.

Estoppel is usually an issue of fact to be decided by the jury. *Hall v. Rogers,* 225 Ga. 57, 58 (165 SE2d 829). Therefore, even if it were presumed, as the bank contends, that Vines received the letter, issues of fact would remain as to whether the letter, which was a form letter with Vines' name and address typed into blank spaces provided for that purpose, which notified Vines of acceleration to maturity of his debt, and which contained the sentence, "[t]his letter will serve as your notice that the Bank will exercise any and all rights and remedies available to it under the laws of this state and its agreement(s) with you," was sufficient notice to avoid any estoppel. Issues of fact remain as to whether the bank's conduct in repeatedly allowing arrearages, late payments and in one instance the return of the vehicle to Vines after repossession resulted in an estoppel against the bank to assert its original contractual and statutory rights against Vines.

2. If the jury finds that an estoppel arises from the bank's conduct, further issues exist in Vines' action against the bank as to whether Vines received the letter sent by the bank and whether the letter was sufficient notice that the bank would require strict compliance with the contractual agreement in the future.

3. The uncontroverted evidence shows that the individual defendants Funderberg, Russell and Wood did not direct nor participate in the acts which are the basis of plaintiff's complaint. Therefore, the trial court did not err in granting summary judgment in favor of these defendants. On the other hand, the evidence shows that the individual defendant Clement participated in the actions of which plaintiff complains by selling plaintiff's automobile to one Gordon. Therefore, the trial court erred in granting summary judgment in favor of the individual defendant Clement. See *Howell v. Ayers,* 129 Ga. App. 899, 901 (4) (202 SE2d 189); *Rhodes v. Industrial Fin. Corp.,* 64 Ga. App. 549, 552 (13 SE2d 883).

4. When the reasonableness of a sale of repossessed

collateral is challenged the burden of showing that the disposition of collateral pursuant to Code Ann. § 109A-9—504 (Ga. L. 1962, pp. 156, 422) was commercially reasonable rests with the secured party. See *Thurmond v. Elliott Fin. Co.*, 141 Ga. App. 574, 576 (234 SE2d 153); *Granite Equipment Leasing Corp. v. Marine Development Corp.*, 139 Ga. App. 778 (230 SE2d 43). This burden may not be satisfied without establishing affirmatively that the "terms" of the sale were commercially reasonable. This includes a burden upon the secured party to show that the resale price was the fair and reasonable value of the collateral. See *Granite Equipment Leasing Corp. v. Marine Development Corp.*, p. 779, supra. The record contains no evidence as to the fair and reasonable value of Vines' automobile. A material issue of fact remains as to whether the price realized upon the sale of plaintiff's automobile was fair and reasonable. Therefore, we cannot say as a matter of law the defendants have satisfied their burden of showing that the sale of Vines' automobile was commercially reasonable.

5. As stated above, material issues of fact remain; therefore, the trial court erred in granting summary judgment in favor of Citizens Trust Bank, Clement and Nationwide Vehicle Return, Inc.

*Judgment affirmed in part and reversed in part. Quillian, P. J., and Webb, J., concur.*

ARGUED FEBRUARY 7, 1978 — DECIDED JUNE 29, 1978 —
REHEARING DENIED JULY 28, 1978.

*Parker, Parker & Poss, Carl W. Poss, Sr.,* for appellant.

*Kilpatrick, Cody, Rogers, McClatchey & Regenstein, Roderick C. Dennehy, Jr., Hurt, Richardson, Garner, Todd & Cadenhead, J. Wayne Pierce,* for appellees.