## 59874. WAGNER v. FORD MOTOR CREDIT COMPANY.

SOGNIER, Judge.

This is an action to recover a repossessed vehicle and damages arising from the repossession. On December 23, 1976 Wagner executed a loan agreement with Ford Motor Credit Co. (Ford) in the amount of $3,744. Wagner conveyed to Ford his 1973 Triumph automobile as collateral to secure the indebtedness. Pursuant to the contract Wagner was to obtain insurance on the Triumph. When Wagner failed to insure the automobile Ford accelerated the loan and repossessed the Triumph. Appellant then filed this action, claiming that he had received no notice of default and acceleration; that he actually obtained insurance on the Triumph at a date agreed on by both parties; that he demanded possession of the automobile; and that Ford refused to return the car to him. Ford counterclaimed for the balance due on the loan, $3,744. While the action was pending Ford sold the automobile and amended its counterclaim suing for a deficiency. The trial court granted Ford's motion for summary judgment against the complaint and for its counterclaim.

1. Appellant contends that it was error for the trial court to grant Ford's motion for summary judgment on his complaint, as the terms of the contract requiring him to purchase insurance on the car were ambiguous and a parol agreement with Ford's representative should be admitted to explain the ambiguity. Appellant further argues that the dispute over when the insurance should have been purchased is a question of fact. We do not agree.

The contract requires that "Borrowers shall obtain and maintain at their own expense *for so long as any amount remains unpaid hereunder,* insurance protecting the interests of Borrowers and Secured Party against loss, damage or destruction of or to the Collateral..." (Emphasis supplied.) The undisputed evidence is that the loan contract was signed on December 23, 1976 and appellant did not purchase insurance on the car until January 21, 1977. Ford learned that appellant had no insurance on the car and notified him on January 17, 1977 that he was in default and that the unpaid balance of the contract was accelerated; on January 20, 1977 Ford

repossessed the car pursuant to the security agreement.

The provisions of this contract are plain, unambiguous and susceptible of only one interpretation. Parol evidence is not permissible to contradict or vary the terms of a written contract. *Ansley v. Forest Services,* 135 Ga. App. 745 (1) (218 SE2d 914) (1975); *Mock v. Canterbury Realty Co.,* 152 Ga. App. 872, 881 (264 SE2d 489) (1980). Thus, notice of default, acceleration and repossession of the vehicle were authorized and Ford's motion for summary judgment as to recovery of the Triumph or its value was properly granted.

2. Appellant's complaint included his prayer that he be granted possession of personal property present in the automobile at the time of its repossession. Ford mailed a list of property to appellant but did not include certain items. Because there is a factual dispute regarding appellant's personal property, granting of summary judgment to Ford on this issue was error.

3. Appellant also contends that the trial court erred in granting summary judgment as to Ford's counterclaim. While suit was pending, Ford sold the Triumph and amended its counterclaim suing for a deficiency. Appellant filed an amendment alleging that the sale was commercially unreasonable.

Ford contends the amendment came too late, as it was not filed until December 28, 1979, the day appellee's motion for summary judgment was argued. However, a party may amend his pleadings as a matter of course and without leave of court at any time before entry of a pre-trial order. Code Ann. § 81A-115 (a). This is true even if the amended pleading is filed after the hearing on motion for summary judgment but prior to rendition of the judge's order. *Haskins v. Jones,* 142 Ga. App. 153, 154 (235 SE2d 630) (1977); *Rushing v. Ellis,* 124 Ga. App. 621, 623 (184 SE2d 667) (1971). Hence, the amendment was proper.

In regard to appellant's contention that sale of the Triumph while litigation was pending was commercially unreasonable, this is a summary judgment case and our inquiry must be whether there remains any genuine issue of fact *after consideration of the pleadings* and supporting evidence. The allegations of both the petition and answer must be taken as true unless the movant successfully pierces the allegations so as to show that no material issue of fact remains. *Alexander v. Boston Old Colony Ins. Co.,* 127 Ga. App. 783, 784 (2) (195 SE2d 277) (1972); *Mahler v. Paquin,* 142 Ga. App. 582, 583 (236 SE2d 512) (1977), reaffd. 143 Ga. App. 773 (240 SE2d 185) (1977). When the reasonableness of a sale of repossessed collateral is challenged, the burden of showing that the disposition of collateral pursuant to Code Ann. § 109A-9—504 was commercially reasonable rests with the secured party. *Thurmond v. Elliott Finance Co.,* 141

Ga. App. 574, 576 (234 SE2d 153) (1977). This burden may not be satisfied without establishing affirmatively that the "terms" of the sale were commercially reasonable. This includes a burden upon the secured party to show that the resale price was the fair and reasonable value of the collateral. *Vines v. Citizens Trust Bank,* 146 Ga. App. 845, 849 (247 SE2d 528) (1978). Ford presented no evidence other than the price obtained on resale; this is not sufficient to establish the fair and reasonable value of the Triumph. Thus, appellant's pleading was not pierced, and a material issue of fact remains as to whether this price was fair and reasonable. Accordingly, it was error to grant Ford's motion for summary judgment on its counterclaim.

4. In view of our decisions in this case, it is not necessary to decide appellant's third and fourth enumerations of error.

*Judgment affirmed in part and reversed in part. Deen, C. J., and Birdsong, J., concur.*

Argued May 5, 1980 — Decided September 2, 1980 — Rehearing denied September 18, 1980 — ▮▮▮▮▮▮

*Darryl R. Vandeford,* for appellant.
*Homer S. Mullins, Stephen H. Block,* for appellee.