60124, 60125. GEORGIA CENTRAL CREDIT UNION v. COLEMAN; and vice versa.

McMURRAY, Presiding Judge.

In or about October, 1977, James E. Coleman became a member of the Georgia Central Credit Union and purchased a repossessed automobile from the credit union, borrowing $1,853.72 from the credit union in order to buy the automobile. Coleman did not pay the loan back although he made some payments. The automobile was then repossessed and later sold at a private sale for $1,850.

Georgia Central Credit Union then sued James E. Coleman for a deficiency arising out of the default in payment of the promissory note seeking judgment against him in the sum of $1,892.55 as unpaid principal and interest. Defendant answered, denying the claim, admitting however that he had entered into a retail installment sales contract for the purchase of the automobile but that the plaintiff had not complied with the requirements of law and could not recover any finance charge deficiency or collection charge or any deficiency arising out of the transaction because of its failure to comply with the statutes of this state. He added a counterclaim seeking to recover an amount not less than the finance charge in the contract plus 10% of the principal amount of the contract. By amendment he added a second count to his counterclaim, contending the plaintiff had failed to comply with the "Federal Odometer Act" (15 USCA §§ 1981, 1988, 1989 (a)) as to a complete disclosure of the odometer reading, contending he was entitled to three times the actual damages sustained or $1,500, whichever is greater.

The case proceeded to trial before the court, without the

intervention of a jury, in which the above facts were disclosed, as well as considerable other evidence. The court adopted the above in its findings of fact and also found that the plaintiff had failed to give the defendant an odometer disclosure statement which was to include an accurate accounting of the mileage on the 1972 Oldsmobile Cutlass automobile, but did send a letter of acceleration declaring the entire balance of $2,007.62, plus interest due, the repossession of the automobile on March 21, 1978, and the forwarding of a letter by regular first class mail informing the defendant his automobile would be sold at private sale on April 5, 1978, unless the defendant requested a public sale prior to the expiration of 10 days from the date of this letter. The court also found that the plaintiff did not give defendant notice of his right to redeem the automobile after repossession and prior to resale. Plaintiff notified defendant by certified mail after it had been sold and that $1,873.83 was due. Plaintiff's attorney sent defendant by certified mail a letter, stating that $1,892.55 was due and attorney fees would be added if this amount were not paid. The court also found that plaintiff did not give defendant any refund of unearned finance charges or unearned insurance premiums.

One of the trial court's conclusions of law was that Code Ann. § 109A-9—504 (3) (Ga. L. 1978, pp. 1081, 1130) imposes an obligation upon a secured creditor to dispose of collateral in a "commercially reasonable" manner and that if every aspect of the disposition is not "commercially reasonable," there can be no recovery of any deficiency between the sale price and the unpaid balance, citing *Gurwitch v. Luxurest Furn. Mfg. Co.,* 233 Ga. 934 (214 SE2d 373). The court then concluded, based on the decision of this court in *Granite Equip. Leasing Corp. v. Marine Develop. Corp.,* 139 Ga. App. 778 (230 SE2d 43), that the secured party has the burden of proving that the sale of repossessed collateral was reasonable and that the plaintiff here failed to show that the expenses of the resale were $1,800 or that the resale price was a fair and reasonable value of the collateral. As the plaintiff was unable to establish that the sale of the repossessed collateral was reasonable, the sale was not "commercially reasonable." In view of plaintiff's failure to establish the expenses incident to resale and for failure to establish that the resale price was a fair and reasonable value of the collateral, the trial court denied any recovery to the plaintiff.

The trial court also concluded that since the plaintiff failed to properly pursue the deficiency claim, under Code Ann. § 109A-9—507 (Ga. L. 1978, pp. 1081, 1135), plaintiff would be liable to the defendant "in the amount of the finance charge in the contract plus ten per cent of the cash price" (the debtor has a statutory right to

recover "in any event an amount not less than the credit service charge plus 10 per cent. of the principal amount of the debt or the time price differential plus 10 per cent. of the cash price"). However, the court concluded the plaintiff was not indebted to the defendant as to the first count of the counterclaim. The trial court also concluded on the second count of the counterclaim that even though the plaintiff failed to provide an odometer disclosure statement including an accurate accounting of the mileage of the automobile, the plaintiff was not indebted to the defendant, who was seeking the amount of the statutory penalty.

In Case No. 60124 the plaintiff appeals. In Case No. 60125 the defendant cross appeals, complaining that the trial court erred in failing to award a monetary penalty when the plaintiff repossessed and sold defendant's car without complying with the default provisions of the Uniform Commercial Code. *Held:*

1. Code Ann. § 96-1007 (Ga. L. 1967, pp. 674, 682) provides that it is cumulative of the Georgia Code Chapter 109A-9—5 and provides cumulative additional rights and remedies which must be fulfilled before any deficiency claim will lie against a buyer. The statute specifically states: "When any motor vehicle has been repossessed after default in accordance with Georgia Code Chapter 109A-9—5, the seller or holder shall not be entitled to recover a deficiency against said buyer unless within 10 days after said repossession he forwards by registered or certified mail to the address of the buyer shown on the contract, or later designated by said buyer, a notice of the seller's or holder's intention to pursue a deficiency claim against said buyer. Said notice shall also advise the buyer of his rights of redemption, as well as his right to demand a public sale of said repossessed motor vehicle." The trial court did not err in its finding of fact that the plaintiff failed to give the defendant notice of his right to redeem his 1972 Oldsmobile Cutlass after repossession and prior to resale even though plaintiff had notified defendant in writing that the automobile would be sold at private sale unless defendant requested a public sale prior to the expiration of 10 days from the date of the letter.

The trial court did not err in finding that the plaintiff failed to prove the commercial reasonableness of the sale and that it was sold in a commercially reasonable manner. Plaintiff simply proved that the property was sold for a figure of $1,850 without proving the expenses of retaking, holding, and preparing for the sale. See *Granite Equipment Leasing Corp. v. Marine Development Corp.,* 139 Ga. App. 778, 779 (1), supra, wherein we find the following: "The burden is on the secured party to prove the value of the collateral at the time of repossession and that such value does not equal the debt; failure to

so prove results in a presumption that the value was at least the amount of the debt." At page 780 thereof this court stated: "The appellant has nowhere shown that the resale price was the fair and reasonable value of the collateral, has therefore failed to show that the price term of the resale was commercially reasonable and thus cannot recover a deficiency." The trial court here, as in that case, did not err in concluding that the sale was not commercially reasonable. See also *Vines v. Citizens Trust Bank,* 146 Ga. App. 845, 848 (4) (247 SE2d 528).

The above disposes of the sum and substance of the various enumerations of error. Even though the defendant failed to introduce any testimony yet denied the claim in its entirety, the burden of proof was upon the plaintiff to prove the sale was done in a commercially reasonable manner in order to recover on the deficiency. The evidence supported each and every finding of the trial court in its findings of fact.

2. The evidence specifically established that the acts of the plaintiff after repossession of defendant's automobile did not meet the requirements prescribed by law as shown above when it established that the secured party had not proceeded in accordance with provisions of law in disposing of the debtor's property. The debtor has a right to recover from the secured party any loss caused by failure to comply with the provisions of the Uniform Commercial Code. Code Ann. § 109A-9—507, supra. See *Braswell v. American Nat. Bank,* 117 Ga. App. 699, 700, 701 (161 SE2d 420); *Thurmond v. Elliott Finance Co.,* 141 Ga. App. 574, 576 (234 SE2d 153).

Defendant contends he was entitled to recover an amount not less than the finance charge plus 10% of the principal amount of the contract; that is, $181 finance charge and 10% of $1,853.72, or $185.37, for a total recovery of $366.37. The defendant submitted no evidence, however the consumer credit disclosure form established the finance charge of $181 and as established by the cross examination of plaintiff's collection manager. In *Stephens v. Bank of Camilla,* 133 Ga. App. 210, 212 (3) (210 SE2d 358), it has been held that the debtor or any person entitled to notification has a right to recover from the secured party any loss caused by the failure to comply with the provisions of law. In the *Stephens* case, it was another secured party who was entitled to notification. However, in the case sub judice, no evidence was shown of any loss to which the defendant was entitled. But the trial court found that the plaintiff "is indeed liable to Defendant . . . in the amount of the finance charge in the contract plus ten per cent of the cash price," but then held that the plaintiff was not indebted to the defendant as to the first count of defendant's counterclaim. The evidence discloses that this was a

consumer credit transaction, that is, the security agreement covering the 1972 automobile which could only authorize a finding that the collateral is consumer goods. Accordingly, the trial court erred in failing to award the defendant the sum of $366.37.

*Judgment affirmed in Case No. 60124; reversed in Case No. 60125. Smith and Banke, JJ., concur.*

ARGUED JUNE 6, 1980 — DECIDED SEPTEMBER 4, 1980 —

*William A. Wehunt,* for appellant.
*Carolyn S. Weeks, Melvin K. Westmoreland,* for appellee.