77870. CENTRAL & SOUTHERN BANK OF GEORGIA v. CRAFT.
(379 SE2d 432)

BEASLEY, Judge.

Central & Southern appeals the judgment entered on the jury's verdict in favor of Craft in its suit against her for the deficiency on her car, which was repossessed by C & S and sold at private sale. OCGA §§ 11-9-503; 11-9-504; 10-1-36.

C & S enumerates as error two of the general grounds, i.e., that the judgment is contrary to the law and to the evidence. OCGA § 5-6-36 (a); see *Towns v. State*, 185 Ga. App. 545 (365 SE2d 137) (1988); *Stinson v. State*, 185 Ga. App. 543 (364 SE2d 910) (1988).

Craft bought her 1986 Charger in April 1986 from a dealer for $9,884. Her conditional sales contract was then assigned to C & S. In April 1987, Craft notified C & S she could not maintain the payments and during the week before May 1 she returned the car to the dealer. C & S retrieved the car and sent Craft the notice letter required by OCGA § 10-1-36 on May 6, 1987. The car was then sold at private sale on May 28, 1987, bringing $3,900.

C & S argues that the verdict is contrary to law and the evidence because it proved the sale was commercially reasonable. As acknowledged by C & S, "the burden of showing that the disposition of collateral pursuant to [OCGA § 9-11-504] was commercially reasonable rests with the secured party. [Cit.] This burden may not be satisfied without establishing affirmatively that the 'terms' of the sale were commercially reasonable. This includes a burden upon the secured party to show that the resale price was the fair and reasonable value of the collateral." *Wagner v. Ford Motor Credit Co.*, 155 Ga. App. 729, 730 (3) (272 SE2d 500) (1980). What C & S asks is for us to hold as a matter of law that the bank officer's opinion of the worth of the car was sufficient to legally require a finding in its favor. We cannot. See *Farmers Bank, Union Point v. Hubbard*, 247 Ga. 431, 437 (276 SE2d 622) (1981); *Wagner*, supra.

There was also a factual issue as to whether the bank had mailed the notice letter within ten days of the repossession. This was peculiarly a matter for the jury's determination and the jury may not have reached the issue of commercial reasonableness.

*Judgment affirmed. Banke, P. J., and Birdsong, J., concur.*

DECIDED MARCH 2, 1989.

*J. David McRee*, for appellant.
*Dallas, Fowler & Wills, Samuel A. Fowler, Jr.*, for appellee.