A89A0332. OGLETREE et al. v. BROKERS SOUTH, INC.
(383 SE2d 900)

BENHAM, Judge.

This is an appeal from the grant of a directed verdict in favor of appellee Brokers South, Inc., (Brokers) in a conversion action appel-

lants filed against Brokers. In November 1986, appellant Joann Ogletree purchased for her son, appellant Jonathan Ogletree, a 1982 Grand Prix automobile from Brokers. On or about February 13, 1987, the vehicle became disabled on the highway, and appellant Mr. Ogletree left it there. When he returned to retrieve it, he discovered it had been towed away and impounded by the Georgia State Patrol for safety reasons. On February 16, appellants discovered the location of the vehicle and in an ensuing conversation with Brokers, the parties agreed that Brokers would tow the vehicle from the impound lot to its lot and that appellants would redeem the vehicle from Brokers on February 18 by paying the $95 impound and towing charges due plus the $50 installment payment balance which had been due on February 13. However, when Ms. Ogletree called appellee on February 18, she was told that the car had been sold. It was undisputed that Brokers did not give the Ogletrees notice of its intent to sell the vehicle. The Ogletrees sued appellee alleging conversion and violation of OCGA §§ 10-1-36; 10-1-38; 11-9-504; and 11-9-506. They sought damages under OCGA § 10-1-38 (c) and OCGA § 11-9-507, and for the alleged conversion. At the close of appellants' evidence, the trial court granted appellee's motion for a directed verdict, thereby disposing of all the claims, and this appeal resulted.

1. Appellants contend that the trial court erred in granting the motion for directed verdict against them. We do not completely agree with that contention. Although appellants proved that the seller failed to notify them of the car sale and their redemption rights as stated in OCGA § 10-1-36, there was no proof that the violation was wilful. OCGA § 10-1-38 (c) does not provide a civil remedy for non-wilful violations of the relevant statutory provisions, so as to that claim a directed verdict was appropriate. See *Vickery v. Mobile Home Indus.*, 171 Ga. App. 566 (320 SE2d 633) (1984). A directed verdict on the conversion claim was also appropriate. It was undisputed that appellee had a statutory and contractual right to repossess the vehicle upon the admitted default on the installment payments, and so, even without notice to appellants, the repossession was not a conversion of the vehicle. Nor did the private sale of the vehicle constitute a conversion, even if the terms of the sale were not commercially reasonable. Under this fact situation, appellants' remedy was to seek statutory damages under the Commercial Code. *Thurmond v. Elliott Fin. Co.*, 141 Ga. App. 574, 576 (234 SE2d 153) (1977). Appellants also failed to prove a conversion of the $200 worth of clothing in the vehicle at the time of its repossession, since they did not show they had demanded that appellee return the items, as provided for in paragraph (2) of the retail installment sales contract, and that their demand had not been met. The trial court properly directed a verdict against appellants on their conversion claim.

However, the evidence in support of the Commercial Code claim in the Ogletrees' suit was sufficient to withstand appellee's motion for a directed verdict. OCGA § 11-9-507 (1) provides that if disposition of the secured property has occurred, the debtor has a right to recover from the secured party any loss caused by a failure to comply with the Code provisions. "If the collateral is consumer goods, the debtor has a right to recover in any event an amount not less than the credit service charge plus 10 percent of the principal amount of the debt or the time price differential plus 10 percent of the cash price." Id. While the Commercial Code does not prohibit a post-repossession sale without notice, the debtor can recover for the loss caused by an inadequate sale price. *Clark v. Gen. Motors Acceptance Corp.*, 185 Ga. App. 130 (2) (363 SE2d 813) (1987). Even if the consumer debtor does not prove a specific monetary loss but proves that the creditor did not comply with the statute, the debtor is entitled to recover the finance charge plus 10 percent of the principal amount of the contract if he or she proves those figures. See *Georgia Central &c. Union v. Coleman*, 155 Ga. App. 547 (2) (271 SE2d 681) (1980). "[I]f a creditor fails to give notice or conducts an unreasonable sale, the presumption is raised that the value of the collateral is equal to the indebtedness. To overcome this presumption, the creditor must present evidence of the fair and reasonable value of the collateral and the evidence must show that such value was less than the debt. [Cit.]. . . . [I]f a creditor has conducted a commercially unreasonable sale, the debtor may suffer a loss, in that he will not receive as much of a credit from the sale of the collateral as he should have. In such an instance the debtor is entitled to be awarded an additional credit equalling the difference between the fair market value of the collateral and the amount for which the collateral was sold. [Cit.]. . . . [I]f the debtor can show that he or she intended to redeem the collateral but was prohibited from doing so by the creditor's lack of notice, the debtor could possibly recover damages for the loss of use of the collateral. In this regard . . . [the] damages need not be calculable with mathematical accuracy. [Cit.]" *Emmons v. Burkett*, 256 Ga. 855 (2) (353 SE2d 908) (1987).

In the case before us, appellants proved that this was a consumer credit transaction; that appellee had sold the vehicle at a private sale without providing the required statutory notice and opportunity to redeem; that they were prepared to redeem the vehicle on the date and for the sum orally agreed upon, but that appellee had sold the vehicle before appellants could pay the money; that appellee sold the vehicle for $500 in February 1987, although it had paid $2,750 for the vehicle and had sold it to appellants in November 1986, for $7,982.25, which included a finance charge of $634.75; and that appellants had been without the use of the vehicle from the date of repossession to

the date of trial. Applying these facts to the law as set out above, we conclude that appellants met their burden of proof on the statutory claim under OCGA § 11-9-507 (1) and the trial court erred in granting a motion for directed verdict against them on that claim. In the absence of appellee's proof that proper notice was provided and that the sale was commercially reasonable (see *Vines v. Citizens Trust Bank*, 146 Ga. App. 845 (4) (247 SE2d 528) (1978)), appellants would be entitled to at least the $634.75 finance charge plus 10 percent of $7,347.50, for a total of $1,369.50. *Georgia &c. Credit Union v. Coleman*, supra at 550. If appellants prove an amount of damages greater than the statutory minimum amount, they could recover that greater amount. See *Emmons v. Burkett*, supra.

2. Appellants complain that the trial court erred in refusing to allow the introduction of evidence of vehicle improvements and repairs made prior to the repossession and sale. Such evidence would not be admissible to show that appellants were sold "a bad car" as was contended at trial, but it would be admissible to show that the vehicle's value had appreciated, or at least had not significantly depreciated, from the date appellants had purchased it. That information would be relevant to the issue of the reasonableness of the sale and appellants' resulting damages. See *Emmons v. Burkett*, supra. Therefore, the evidence was admissible.

3. The trial court also refused to allow appellant Ms. Ogletree to testify about the cost she incurred to rent a vehicle to replace the one repossessed. The evidence is admissible to prove "any loss caused by a failure to comply with the provisions of this part [of the Code]." OCGA § 11-9-507 (1). In this case, the loss includes costs incurred for the loss of use of the vehicle, since appellants showed that they intended to redeem the collateral but were prohibited from doing so by the creditor's lack of notice. *Emmons v. Burkett*, supra, fn. 3.

4. After appellee intimated that appellants had not acquired insurance coverage for their vehicle, appellants sought to introduce into evidence a printout of a contract information sheet from a finance company to prove that appellant had acquired insurance for the vehicle. The trial court refused to admit the document into evidence. A copy of the document was not included in the record on appeal and the trial transcript shows that Ms. Ogletree testified that she had purchased insurance. There being competent evidence of the insurance purchase, we conclude that the refusal to admit the document was not reversible error. See *Ray v. Standard Fire Ins. Co.*, 168 Ga. App. 116 (1) (308 SE2d 221) (1983).

*Judgment affirmed in part and reversed in part. Deen, P. J., and Birdsong, J., concur.*

DECIDED JUNE 21, 1989.

*Victoria J. Hoffman*, for appellants.
*Hurt, Richardson, Garner, Todd & Cadenhead, E. Lewis Hansen, William W. Calhoun, Michael T. Nations*, for appellee.