A99A1372. ATLANTIC COAST FEDERAL CREDIT UNION
v. DELK.
(526 SE2d 425)

MILLER, Judge.

Atlantic Coast Federal Credit Union repossessed a truck purchased by J. D. Delk and sued to recover a deficiency balance that remained after the truck was sold. Delk counterclaimed on several grounds. A jury returned a verdict in favor of Delk and awarded him money damages. The credit union appeals the denial of its motion for a directed verdict and for judgment notwithstanding the verdict. Because we find that the only possibly valid basis for the jury's verdict is Delk's claim that the sale of the truck was commercially unreasonable, we reverse and remand for a jury trial on this issue alone.

In reviewing the denial of a motion for directed verdict or j.n.o.v., we must determine whether there is any evidence which could be construed to support the jury's verdict.[1]

---

[1] *Greene v. Bowers*, 229 Ga. App. 324, 325 (1) (493 SE2d 709) (1997).

The credit union moved for a directed verdict on Delk's counterclaim, which consisted of several claims. Because we cannot determine on what basis the jury rendered its verdict, we are left to examine each of these claims to determine if the court erred in denying the directed verdict.

1. Delk contends the truck and the new tires and rims he added were wrongfully repossessed. Construed in favor of Delk, the evidence showed he was delinquent by at least one payment. He testified that he was 19 days late on a payment and that his April payment was for the March due date. The purchase contract stated that non-payment of any installment when due results in default. And OCGA § 11-9-503 allows a creditor to take possession of the collateral upon default. Thus, the credit union was authorized to repossess the truck. Also, under the purchase contract, the credit union had a security interest in all additions to the vehicle, including the new rims and tires that Delk put on the truck. Therefore, these items were rightfully repossessed with the truck.

Because there is no evidence that the truck was wrongfully repossessed, the credit union was entitled to a directed verdict on this claim of the counterclaim.[2]

2. Because we find that the repossession was not wrongful, the claim of an adverse effect on Delk's credit was not actionable.

3. Delk's claim that the credit union did not comply with the notice provisions of OCGA § 10-1-36 is unsupported by the evidence. The statute provides that when a motor vehicle has been repossessed after default, the seller will not be entitled to a deficiency against the buyer unless within ten days after the repossession he sends a notice of the seller's intent to pursue a deficiency judgment, of the buyer's right of redemption, and of his right to demand a public sale.[3] It is undisputed that Delk's truck was repossessed on May 8 and that on May 12 he received a letter from the credit union informing him of his right of redemption and right to demand a public sale and that the credit union intended to pursue the deficiency. The credit union was entitled to a directed verdict on this portion of Delk's counterclaim, as there was no evidence that it did not comply with the notice requirement.[4]

4. The remaining basis for an award in favor of Delk would be that the sale of the truck was not commercially reasonable. Every aspect of the disposition of the collateral, including the method, man-

---

[2] See *Fair v. Gen. Finance Corp. of Ga.*, 147 Ga. App. 706 (1) (250 SE2d 9) (1978), overruled on other grounds, *Smith v. Gen. Finance Corp. of Ga.*, 243 Ga. 500 (255 SE2d 14) (1979).

[3] OCGA § 10-1-36.

[4] See *Central &c. Bank of Ga. v. Williford*, 192 Ga. App. 843, 844 (386 SE2d 688) (1989).

ner, time, place, and terms, must be commercially reasonable.[5] Delk testified that the truck was worth $30,000 when it was repossessed. But the purchaser who bought the truck from the credit union after it was repossessed stated that the truck was worth only $13,000. To recover a deficiency, a creditor bears the burden of proving commercial reasonableness to rebut the presumption that the value of the collateral is equal to the indebtedness, by presenting evidence of the fair and reasonable value of the collateral.[6] "This burden may not be satisfied without establishing affirmatively that the terms of the sale were commercially reasonable."[7] This is normally an issue for the jury.

Aside from the credit union's burden of proving commercial reasonableness to recover a deficiency, Delk, in order to recover money damages, bore the burden of proving that the credit union did not comply with the statute requiring the truck to be sold in a commercially reasonable manner. Under OCGA § 11-9-507 (1), failure to conduct a commercially reasonable sale would entitle the debtor to recover any loss as a result of that failure.

> Even if the consumer debtor does not prove a specific monetary loss but proves that the creditor did not comply with the statute, the debtor is entitled to recover the finance charge plus [ten] percent of the principal amount of the contract if he or she proves those figures.[8]

Based on the evidence presented, the jury could have determined that the sale of the truck was commercially unreasonable and that Delk was entitled to money damages as a result. Because there was some evidence to support a jury verdict in Delk's favor, the denial of the motion for a directed verdict on this portion of his counterclaim was proper.[9]

Atlantic Coast was entitled to a directed verdict on each claim of Delk's counterclaim except for the issue of commercial reasonableness, for which there was some evidence to support a jury verdict. But we cannot discern whether the jury considered only the commercial reasonableness in its decision or if it was based on those claims that should have been properly disposed of by a directed ver-

---

[5] OCGA § 11-9-504 (3).

[6] *Emmons v. Burkett*, 256 Ga. 855, 857 (2) (353 SE2d 908) (1987); *Strong v. Wachovia Bank of Ga.*, 215 Ga. App. 572, 574 (3) (451 SE2d 524) (1994); *Ogletree v. Brokers South*, 192 Ga. App. 53, 55 (1) (383 SE2d 900) (1989).

[7] (Citation and punctuation omitted.) *Central &c. Bank of Ga. v. Craft*, 190 Ga. App. 576, 577 (379 SE2d 432) (1989).

[8] (Citation omitted.) *Ogletree*, supra, 192 Ga. App. at 55 (1).

[9] See *Greene*, supra, 229 Ga. App. at 325 (1).

dict. Thus, the only remaining course of action is a retrial on the issue of commercial reasonableness. *Crews v. Roger Wahl, C.P.A., P.C.*[10] addressed the issue of the necessity of a new trial due to a lump sum jury award and the reversal of the denial of a directed verdict on one of many claims:

> We have held that the jury erroneously considered claims relating to the [plaintiff's] client list. Because the jury issued a summary verdict finding in favor of the [plaintiff] and granting lump sum damages in the amount of $265,000, we cannot determine which items, if any, other than the client list the jury found had been converted or misappropriated. Because we do not know the jury's findings, we cannot determine if there was sufficient evidence to support such findings. And because the damages were not apportioned among the various items, we cannot determine which of the damages are attributable to the customer list and which, if any, are attributable to other items. Therefore, our reversal of the trial court's denial of the directed verdict as it relates to the customer list necessitates a new trial on the remaining claims.[11]

Because the only valid ground on which the jury could have found in favor of Delk on his counterclaim is on the issue of commercial reasonableness, we reverse the judgment and remand the case for trial to determine whether the sale of the truck was commercially unreasonable and, if so, to award appropriate damages.

*Judgment reversed and case remanded. Blackburn, P. J., and Barnes, J., concur.*

DECIDED DECEMBER 2, 1999 —
RECONSIDERATION DENIED DECEMBER 17, 1999.

*Thomas & Settle, W. Vincent Settle III*, for appellant.
*Charles J. Steedley*, for appellee.

---

[10] 238 Ga. App. 892, 899 (3) (520 SE2d 727) (1999).

[11] Id. See also *Bowdish v. Johns Creek Assoc.*, 200 Ga. App. 93, 97 (5) (406 SE2d 502) (1991) (damages awarded by jury were not apportioned between two claims; thus the reversal of the court's grant of directed verdict as to one claim necessitates a new trial since there is no way to determine which, if any, damages are attributable to the reinstated claim); OCGA § 9-11-50 (e).