## 56431. FAIR v. GENERAL FINANCE CORPORATION OF GEORGIA.

SMITH, Judge.

The trial on appellant's wrongful repossession suit against General Finance Corporation, appellee, and on appellee's counterclaim for deficiency, was terminated by the trial court's directed verdict in appellee's favor. The evidence undisputably showed default, acceleration, and repossession of the security (an automobile), all according to the loan contract, and the evidence did not suggest a mutual departure from the contract. The enumerations of error are without merit, and we affirm the judgment.

1. The appellant admitted reading and signing the installment loan agreement, and he was aware that payments were due on the first day of each month. There is no dispute that the October, 1975, payment was not made, that, by verbal agreement, this payment was promised to be made by October 27, and that, the payment still not having been made, the automobile was repossessed on about October 30 or 31, 1975. No issue of fact remained as to the propriety of appellee's actions here, all of which were clearly authorized by the default, acceleration, and repossession provisions of the loan agreement.

2. The facts that there was an agreement to accept the October payment as late as October 27, and that all five previous payments had been late, do not evidence a mutual departure from the contract. Code § 20-116. The loan contract provided, "The failure of Seller . . . to enforce Seller's rights or remedies herein given or conferred by law, shall not be construed as waiver of any provision hereof or any right or remedy of Seller, nor shall it preclude Seller from exercising any of his rights with respect to a subsequent breach of this agreement by the Buyer."

The appellee had the right to insist on strict compliance, and the law on when this right is waived by new agreement is clear: " 'Though a quasi new agreement arises where the parties mutually depart from the terms of the original agreement and pay or receive money under such departure [cit.], there must be more than a simple

breach on the part of one of the parties; there must be a mutual departure.' *Crawford v. First Nat. Bank,* 137 Ga. App. 294, 296 (223 SE2d 488, 490) (1976). For Code Ann. § 20-116 to apply, 'the circumstances [must] be such as will in law imply a mutual new agreement, whereby new and distinct terms are supplied in lieu of those provided in the original contract.' *Jones v. Lawman,* 56 Ga. App. 764, 771 (194 SE 416) (1937)." *Vaughn & Co. v. Saul,* 143 Ga. App. 74, 83 (237 SE2d 622) (1977). There was no evidence introduced at trial to show any new mutual agreement which would have invalidated appellee's action of accelerating the debt and repossessing the security.

The directed verdict is not erroneous for any reason assigned.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

SUBMITTED SEPTEMBER 12, 1978 — DECIDED OCTOBER 5, 1978 — REHEARING DENIED OCTOBER 25, 1978.

*B. J. Roberts,* for appellant.
*Jones & Clark, Lewis N. Jones,* for appellee.