## 34562. SMITH v. GENERAL FINANCE CORPORATION OF GEORGIA.

MARSHALL, Justice.

The following question in this case has been certified to this court by the Court of Appeals: "In a suit for damages for alleged wrongful repossession of an automobile, arising out of a claimed default under a time payment contract of sale, does the evidence of repeated late, irregular payments accepted by the seller create a factual dispute as to whether a quasi new agreement was created under Code § 20-116, according to the decision of *Curl v. Federal Savings &c. Assn.,* 241 Ga. 29 (244 SE2d 812) and as held in *Hayes v. Fidelity Accept. Corp.,* 147 Ga. App. 144 (248 SE2d 209); or does the language in the loan contract providing that: 'The failure of Seller . . . to enforce Seller's rights . . . shall not be construed as waiver of any provision . . . nor shall it preclude Seller from exercising any of his rights with respect to a subsequent breach of

this agreement . . .' preclude a jury question, as held in *Fair v. General Finance Corp. of Ga.,* 147 Ga. App. 706 (250 SE2d 9) (1978)?"

As held in *J.E.M. Enterprises v. Taco Pronto, Inc.,* 145 Ga. App. 573 (3) (244 SE2d 253) (1978); *Crawford v. First Nat. Bank of Rome,* 137 Ga. App. 294, 295 (223 SE2d 488) (1976); *Abercrombie v. Howard, Weil, LaBouisse, Fredericks, Inc.,* 136 Ga. App. 79 (2) (220 SE2d 275) (1975); *Few v. Automobile Financing, Inc.,* 101 Ga. App. 783, 784 (115 SE2d 196) (1960); and *Commercial Cas. Ins. Co. v. Campbell,* 54 Ga. App. 530, 533, 534 (188 SE 362) (1936), a provision in a contract against waiver of contractual rights may itself be found by the jury to have been waived. Insofar as *Fair v. General Finance Corp. of Ga.,* supra, indicates otherwise, it is disapproved.

Accordingly, our answer to the certified question is that evidence of the buyer's repeated, late, irregular payments, which are accepted by the seller, does create a factual dispute as to whether a quasi new agreement was created under Code § 20-116, and a jury question is also raised as to whether the anti-waiver provision in the loan contract was itself waived.

*Certified question answered in the affirmative, with further answer that a jury question is also raised as to whether the anti-waiver provision in the loan contract was itself waived. All the Justices concur.*

ARGUED FEBRUARY 21, 1979 — DECIDED APRIL 5, 1979 — REHEARING DENIED APRIL 17, 1979.

*Joseph H. King, Jr.,* for appellant.
*Steven Gottlieb, Elizabeth Coleman-Stroup,* amicus curiae.
*Lewis N. Jones,* for appellee.