## 57578. BAXTER et al. v. GEORGIA FEDERAL SAVINGS & LOAN ASSOCIATION.

UNDERWOOD, Judge.

In this appeal, transferred here from the Supreme Court, Baxter and Berry, plaintiffs below, appeal the grant of summary judgment to defendant Georgia Federal Savings & Loan Association (hereafter Georgia Federal) which they had sued for wrongful foreclosure on real estate, held as a security for a loan, contending that payments had been made by them which, while late, were retained by Georgia Federal, thus establishing a quasi new agreement respecting the timeliness of installment payments so that Georgia Federal could not, thereafter, insist on the original terms without first giving "reasonable notice . . . of intention to rely on the exact terms of the agreement." Code § 20-116.

We find this case to be controlled by the Supreme Court's recent answer to a question certified by this court (*Smith v. General Finance Corp.,* 243 Ga. 500 (255 SE2d 14) (1979)) and in accordance therewith, we reverse.

1. Berry's affidavit stated that "plaintiffs over a course of five (5) years had been late with their loan payments on numerous occasions but had always made the payments on notification by [Georgia Federal] and paid any late charges that had accrued. [P]laintiffs had been led to believe by the actions of [Georgia Federal] and by its course of conduct over a period of years that it would take no action such as foreclosure without giving the plaintiffs a reasonable notice and opportunity to pay any delinquent payments which had always been the policy of [Georgia Federal] in the past."

Georgia Federal contends that its acceptance of late

payments was not a departure from the original terms because it could not accelerate the debt and foreclose the loan until a monthly payment had been in arrears for over a month. However, there is an error of closure in the syllogism since Georgia Federal has not shown that all arrearages were of less than a month, and questions of fact remain as to this issue.

"[E]vidence of the buyer's repeated, late, irregular payments, which are accepted by the seller, does create a factual dispute as to whether a quasi new agreement was created under Code § 20-116, and a jury question is also raised as to whether the anti-waiver provision in the loan contract was itself waived." *Smith v. General Finance Corp.*, supra, at p. 501.

*Fair v. General Finance Corp.*, 147 Ga. App. 706 (250 SE2d 9) (1978), *Commercial Bank &c. Co. v. Buford*, 145 Ga. App. 213 (243 SE2d 637) (1978), and *Crawford v. First Nat. Bank*, 137 Ga. App. 294 (223 SE2d 488) (1976), to the extent that they may hold otherwise, must yield to *Smith* and, in any event, would not be determinative here since they were decided upon motion for directed verdict rather than a motion for summary judgment, the analogy between the two (e.g., *McCarty v. Nat. Life &c. Ins. Co.*, 107 Ga. App. 178 (1) (129 SE2d 408) (1962)) having long since been discarded where the party making the motion for summary judgment is not required to carry the burden on the trial of the case. *Burnette Ford, Inc. v. Hayes*, 227 Ga. 551 (181 SE2d 866) (1971); *Burnette Ford, Inc. v. Hayes*, 124 Ga. App. 65 (183 SE2d 78) (1971); *Ray v. Webster*, 128 Ga. App. 217 (196 SE2d 175) (1973) and cits.

We will follow here *Curl v. Federal Savings &c. Assn.*, 241 Ga. 29 (244 SE2d 812) (1978), a summary judgment case.

2. Georgia Federal also contends that it gave plaintiffs notice of its intention to return to the original terms by its insistence that the arrearages be made up. However, we do not deem that inference demanded as a matter of law, but think it just as reasonable for plaintiffs to have concluded that the duns related to amounts due from the past and in the present rather than to time of performance deemed acceptable in the future. The Supreme Court held as much in *Curl,* supra, and we find

this "notice" contention an insufficient basis upon which to affirm the grant of summary judgment in the face of *Smith v. General Finance Corp.*, supra.

*Judgment reversed. Banke, Acting P. J., and Carley, J., concur.*

SUBMITTED APRIL 9, 1979 — DECIDED NOVEMBER 21, 1979 — REHEARING DENIED DECEMBER 10, 1979 — 

*Jack K. Bohler,* for appellants.
*Thomas Hal Clarke, Jr.,* for appellee.