## 59064. WILLIAMS v. DOSTER.

QUILLIAN, Presiding Judge.

This was an action for breach of contract for the lease-purchase of a boat and tortious conversion of the boat, brought by the purchaser. The principal issue was whether the seller accepted late installment payments on the contract thereby invoking the requirements of Code Ann. § 20-116. That statute provides: "Where parties, in the course of the execution of a contract, depart from its terms and pay or receive money under such departure, before either can recover for failure to pursue the letter of the agreement, reasonable notice must be given the other of intention to rely on the exact terms of that agreement. Until such notice, the departure is a quasi new agreement." When the purchaser eventually was clearly in default for nonpayment, the seller repossessed and sold the boat in accordance with the remedies provided in the contract. Although the contract did not require any notice, the purchaser claimed the repossession and sale was without the reasonable notice to him required by Code Ann. § 20-116. The jury awarded damages to the purchaser for breach of contract and conversion. The seller appeals. *Held:*

1. Appellant contends the verdict is contrary to law. We agree and reverse. Despite the parties' testimony, the documentary evidence clearly shows that appellee made no late payments through August 1976. Thereafter it is undisputed that appellant agreed to apply several prepaid

installment payments because appellee could not otherwise make the payments. The evidence is also clear that subsequent to the application of the prepaid installments appellee went into default and remained so until the repossession despite unsuccessful efforts to make payments in accordance with the contract.

There is no evidence of the acceptance of any late installment payments that would invoke Code Ann. § 20-116. We hold as a matter of law that the acceptance of prepaid installment payments in this case did not place it within Code Ann. § 20-116. *Smith v. General Finance Corp.*, 243 Ga. 500 (255 SE2d 14), holding that the acceptance of repeated, late, irregular payments creates a factual issue as to whether Code Ann. § 20-116 applies, is factually distinguishable. Upon appellee's default, appellant's repossession and sale were within the terms of the contract.

2. The remaining enumerations of error are either mooted by the foregoing holding or are not meritorious.

*Judgment reversed. Shulman and Carley, JJ., concur.*

ARGUED JANUARY 7, 1980 — DECIDED JANUARY 24, 1980.

*Fletcher Thompson,* for appellant.
*Charles A. Mullinax,* for appellee.