## 59096. POWELL v. THE STATE.

Sognier, Judge.

Powell was charged with murder and convicted in the Superior Court of Fulton County of voluntary manslaughter.

1. The evidence presented at trial would authorize the jury to find that in the early morning hours of January 24, 1979 appellant rode home from work with three co-workers, one of whom was the deceased victim, Johnny McKissic. Shortly after appellant and McKissic got out of the car in front of Powell's apartment, appellant was seen advancing on McKissic, who was retreating; seemingly, they were arguing. Thereafter, McKissic staggered off the sidewalk and collapsed in the street. The assailant took a billfold from McKissic's pocket and left. An ambulance was called and McKissic was taken to the hospital, where he was pronounced dead on arrival. The cause of death was a stab wound to the heart. No one saw the stabbing, and a knife was never found. Appellant was identified by two witnesses as the assailant and was seen going up the stairs to his nearby apartment house; the landlord was awakened by a noise and upon seeing Powell in the hallway, asked him what was going on. Powell replied that he was jumped by a man in the street and had to knock him down.

Powell testified that he and McKissic separated when they got out of their co-worker's car, and later met again. According to Powell, a man came up to McKissic and asked "[W]hat about my money, man?" Powell left and went up on his porch, as he didn't want to get involved. The jury apparently found this lacking in credibility.

The evidence recited above is more than sufficient to sustain the jury's finding. We find that a rational trier of fact could reasonably have found from the evidence adduced at the time of trial proof of Powell's guilt beyond a reasonable doubt. *Fisher v. State,* 151 Ga. App. 93 (258 SE2d 920) (1979). Accordingly, Enumerations of Error 1 through 5 are without merit.

2. Appellant contends the trial court erred in charging the jury,

over objection, on the lesser included offense of voluntary manslaughter, as there was no evidence of a sudden, violent, irresistible passion resulting from serious provocation. "We have stated on many occasions that in the trial of a murder case, if there be any evidence, however slight, as to whether the offense is murder or voluntary manslaughter, instruction as to the law of both offenses should be given to the jury. [Cit.]" *Swett v. State,* 242 Ga. 228 (248 SE2d 629) (1978). As there was evidence that appellant and the victim were "seemingly arguing," and that almost immediately after the killing the defendant told his landlord that someone jumped him and he (appellant) had to knock him down, such evidence was sufficient to warrant the charge.

3. Finally, appellant contends the trial court erred in its charge relating to the fact that a person can be convicted of a crime included in the crime charged. However, the instruction was given in almost the exact language of Code Ann. § 26-505, and it was not error to give such a charge. *Torley v. State,* 141 Ga. App. 366, 367 (2) (b) (233 SE2d 476) (1977).

*Judgment affirmed. Deen, C. J., and Birdsong, J., concur.*

ARGUED JANUARY 10, 1980 — DECIDED MAY 5, 1980 — REHEARING DENIED MAY 20, 1980 —

*William L. Henderson,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, H. Allen Moye, Assistant District Attorneys,* for appellee.