## 62016. JONES v. FIRST CAROLINA FINANCIAL CORPORATION.

BANKE, Judge.

The plaintiff brought this petition for a writ of possession of a mobile home, alleging that the defendant was in default of her obligation "to make her contractual monthly payments." The defendant answered, contending that there had been a mutual temporary disregard of the terms of the contract and that no notice of intention to rely on the exact terms of the contract had been given pursuant to Code Ann. § 20-116. Specifically, the defendant alleged that the plaintiff had accepted "late and irregular payments" and requested a jury trial on the issue. The trial court's order recites that the defendant admitted orally that she was in arrears on an insurance account with the plaintiff. Based on this finding, the court concluded that the defendant was in default, dismissed her defense, and granted the writ of possession. *Held:*

Under the provisions of Code Ann. § 67-704 "if the defendant answers, a trial of any issue requiring trial shall be had in accordance with the procedure prescribed for civil actions in courts of record. The trial shall not be held before seven days have elapsed from the date of the hearing." The defense of mutual temporary disregard of contract raised by answer is an issue for resolution by a jury. See *Smith v. General Finance Corp.,* 243 Ga. 500 (255 SE2d 14) (1979). From the record before us we cannot determine whether the insurance account is part of the "monthly contractual payments" or not. If so, the defense raised by the answer poses an issue for determination. In any event the trial court's conclusion that the trailer was without insurance is not supported by the defendant's

admission that the insurance account was in arrears. We note that the complaint does not allege this as a ground of default.

*Judgment reversed. Deen, P. J., and Carley, J., concur.*

DECIDED MAY 28, 1981 —
REHEARING DENIED JUNE 17, 1981 —

*Holle Weiss-Friedman, John L. Cromartie, Jr.,* for appellant.
*Ward Stone, Jr.,* for appellee.