### 62419. NEWBY v. BANK OF PINEHURST.

QUILLIAN, Chief Judge.

This is an appeal from the grant of summary judgment to the plaintiff Bank of Pinehurst (Bank) in an action on four promissory notes. The defendant, Robert L. Newby, Jr., was the guarantor of the notes executed by his son, Robert L. Newby III, and at the time of their execution was majority stockholder and President of the plaintiff bank. He stated that the Bank was to advise his son when payments were to commence and two months passed after execution of the notes before his son was advised to start payments. Thereafter monthly payments were made — although they were usually late by a few days. When his son was asked: "Q. Are you aware that the note itself specifies that "[payment] will be on the 28th day of each month

. . ." — he answered: "To be honest with you, I hadn't looked at the note." However, his son admitted that he had not made the "August [1980] payment and also [the] September [1980] payment." Thereafter, on October 7, 1980, the Bank, through its attorney, declared the notes in default and the defendant and his son were notified of the acceleration of the indebtedness under the terms of the notes. Execution of the notes and the amounts paid were admitted.

The single issue presented is whether the Bank's acceptance of late but *regular* payments on the notes amount to a temporary mutual disregard of the terms of the contract under Code Ann. § 20-116 (Code § 20-116) which would authorize the failure to make periodic monthly payments by the defendant's son. We find that it did not — under the factual context of this case. The material facts are not contested. There is a disagreement as to whether the Bank's letter insisting upon strict compliance with the contractual terms was received by the defendant's son, but we do not reach that issue as any evidence relating to deviation from terms of the contract related to *late payment* as contrasted with *non-payment* of the August and September payments. Thus, while it is arguable that the Bank and the defendant's son may have reached a quasi new agreement as to acceptance of late payments, there is no evidence that the Bank consented to non-payment of the monthly payments due on the four notes. Before the provisions of Code Ann. § 20-116 would apply to non-payment the evidence must establish a pattern or course of conduct evidencing an agreement or waiver of the provisions in the original contract relating to non-receipt of monthly payments. Failure of the Bank to notify the defendant's son to begin his original payments on the date set forth in the notes would not establish such a deviation, agreement, waiver, pattern or course of conduct. See *Vaughn & Co. v. Saul,* 143 Ga. App. 74, 83 (237 SE2d 622). We do not find *Smith v. General Finance Corp.,* 243 Ga. 500 (255 SE2d 14) or *Curl v. Federal Savings &c. Assn.,* 241 Ga. 29 (244 SE2d 812) to apply to the instant case because of the different factual basis. *Williams v. Doster,* 153 Ga. App. 174, 175 (264 SE2d 707). The trial court did not err in granting summary judgment to the Bank.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED OCTOBER 9, 1981.

*James N. Butterworth,* for appellant.
*David M. Pierce,* for appellee.