### 62429. POWELL v. THE STATE.

SOGNIER, Judge.

We affirmed appellant's conviction of voluntary manslaughter in *Powell v. State,* 154 Ga. App. 674 (270 SE2d 6) (1980). On habeas corpus, appellant was given the right to file an out-of-time appeal from the decision of the Fulton County Superior Court denying appellant's Extraordinary Motion for New Trial. Thus, that is the only issue before this court.

Appellant based his motion on the ground that a statement from one Larry Johnson, to the effect that Powell was not the person who killed the victim of an assault and robbery, was newly-discovered evidence. Code § 70-204 provides that a new trial may be granted when any material evidence shall be discovered by the applicant after the rendition of a verdict against him.

Appellant's counsel filed an affidavit to the effect that prior to appellant's trial, and in preparation for such trial, he (the counsel) made every effort to subpoena Larry Johnson but was unable to have the subpoena served, as Johnson's address was incorrect; that he went to the area of the killing and contacted residents of the area and bystanders in an effort to locate Johnson; that he was unable to locate Johnson; and that subsequent to trial Johnson was incarcerated in the Fulton County jail and at the request of appellant, counsel went to the jail and interviewed Johnson. It is apparent from this affidavit that counsel knew of Johnson's existence; further, Johnson was listed as a witness on the indictment, and had made a written statement to the Atlanta police prior to trial. However, the inability of appellant to locate Johnson was not brought to the attention of the trial court and

no effort was made to obtain a continuance until the witness could be located.

In our opinion, Johnson's proposed testimony does not constitute "newly discovered evidence," for appellant was aware of it prior to trial. "Motions for a new trial on the ground of newly discovered evidence are not favored. All applications for new trial upon the ground of newly discovered evidence are addressed to the sound discretion of the trial judge, and unless it affirmatively appears that he has abused his discretion in overruling the same, his discretion will not be controlled. [Cit.]" *Kitchens v. State,* 228 Ga. 624, 626 (4) (187 SE2d 268) (1972); *Van Scoik v. State,* 142 Ga. App. 341 (235 SE2d 765) (1977).

We find nothing to indicate that the trial judge abused his discretion under the circumstances of this case.

*Judgment affirmed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED OCTOBER 28, 1981.

Daniel J. Powell, *pro se.*

Lewis R. Slaton, District Attorney, Joseph J. Drolet, Assistant District Attorney, *for appellee.*