## 64229. VAUGHAN v. WRENN BROTHERS, INC.

Quillian, Chief Judge.

This is an appeal from a grant of summary judgment in favor of plaintiff-appellee on a promissory note.

In settlement of a past due account appellant executed a note to

appellee for $5,843.79 which provided for monthly payments of $1,000.00 starting September 1, 1980, and result in full payment by February 1, 1981. The note also could be accelerated upon default of any payment. Appellant paid $1,000.00 on September 15, 1980; $500.00 on October 23, 1980; $500.00 on October 30, 1980; and $500.00 on November 20, 1980. Thereafter, no further payments were made, leaving a balance of $3,343.79. On December 1, 1980 appellee sent appellant a letter listing the payments received and expressing the hope that appellee "will clear this account as soon as possible." On March 19, 1981, a representative of appellee spoke with appellant on the telephone in an attempt to collect the balance due. Appellant stated that he did not have the money at that time but would pay as soon as possible. This suit was commenced after appellee's attorney advised appellant by letter in June, 1981 that if he did not pay within ten days suit would be filed for the amount due, plus interest and attorney's fees. Appellee moved for summary judgment showing the foregoing facts by affidavit. Appellant responded with an affidavit stating that when he was unable to make the monthly payments, appellee's agents agreed that he could pay when and if he had funds available, and that demand had never been made upon him for strict compliance with the payment terms of the note. *Held:*

"Where parties, in the course of the execution of a contract, depart from its terms and pay or receive money under such departure, before either can recover for failure to pursue the letter of the agreement, reasonable notice must be given the other of intention to rely on the exact terms of the agreement. Until such notice, the departure is a quasi new agreement." Code Ann. § 20-116.

Evidence of repeated, late, irregular payments, which are accepted by the creditor, creates a factual dispute as to whether a quasi new agreement is created under Code Ann. § 20-116. *Smith v. General Fin. Corp.,* 243 Ga. 500 (255 SE2d 14).

In the instant case there is evidence that appellee departed from the original terms of the note not only by accepting repeated, late and irregular payments but also as to any payment by giving an indefinite extension of payment of the note. Nonpayment also falls within the ambit of Code Ann. § 20-116 as we recognized in *Newby v. Bank of Pinehurst,* 159 Ga. App. 890 (285 SE2d 605), where although finding to the contrary on the facts of the case, we said: "Before the provisions of Code Ann. § 20-116 would apply to non-payment the evidence must establish a pattern or course of conduct evidencing an agreement or waiver of the provisions in the original contract relating to non-receipt of monthly payments." Id. at 891. The evidence here does that.

Having determined that there were disputed issues of fact

concerning whether Code Ann. § 20-116 was applicable, the remaining issue is whether the statutory condition precedent to recovery of reasonable notice to rely on the original terms of the note was given.

Appellant testified he was not given any such notice and appellee asserts that its requests for payment and the attorney's collection letter were sufficient notice of such intention. Whether such communications were sufficient to provide the required notice is a disputed issue of fact which must be decided by a jury. Compare, *Greater Leasing, Inc. v. Hill,* 158 Ga. App. 547(2), 548 (281 SE2d 303); *Baxter v. Ga. Federal &c. Assn.,* 152 Ga. App. 753(2) (264 SE2d 242); *Curl v. Federal Savings &c. Assn.,* 241 Ga. 29, 30 (244 SE2d 812).

Accordingly, the trial court erred in granting summary judgment.

*Judgment reversed. Shulman, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 8, 1982.

*B. Andrew Prince,* for appellant.
*M. Keith York,* for appellee.