### 64544. BYRD v. THE STATE.

QUILLIAN, Chief Judge.
Tried for murder, defendant appeals his conviction for voluntary manslaughter. *Held:*

1. The general grounds are enumerated.

The evidence authorized the jury to find that defendant Byrd and his wife rented a room from a Mrs. Billings. Wilburn, the victim, was a frequent visitor of Mrs. Billings and often stayed with her. On the date of the offense all four had been drinking at Mrs. Billings, who eventually told the Byrds to move out. Mrs. Byrd began changing into street clothing from pajamas in their rented room. Before she had completed changing, Wilburn came into the room, told defendant that he had to leave but said that his wife was not going and pushed defendant's wife onto the bed. Whereupon defendant stabbed

Wilburn in the neck with a knife, resulting in his death.

This evidence was sufficient to authorize a rational jury to find defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. The trial court did not err in charging on the lesser included offense of voluntary manslaughter.

Voluntary manslaughter differs from murder in that there must be evidence of a sudden, violent, irresistible passion resulting from serious provocation. Code Ann. § 26-1102 (Ga. L. 1968, pp. 1249, 1276). "We have stated on many occasions that in the trial of a murder case, if there be any evidence, however slight, as to whether the offense is murder or voluntary manslaughter, instruction as to the law of both offenses should be given to the jury. [Cit.]" *Swett v. State,* 242 Ga. 228 (1) (248 SE2d 629). Accord, *Powell v. State,* 154 Ga. App. 674 (2) (270 SE2d 6).

In the instant case defendant testified that he and Wilburn had been drinking together and were arguing over "the old lady." After Mrs. Billings told the Byrds to leave Wilburn intruded into their bedroom where Mrs. Byrd had not finished dressing, ordered defendant to leave, stated that his wife was staying and pushed the partially dressed Mrs. Byrd onto the bed. In a statement made to police as well as in his testimony, defendant said he stabbed Wilburn when Wilburn made a move like he was going to hurt him. We find this evidence sufficient to authorize the charge on voluntary manslaughter.

3. The remaining enumeration asserts that the trial court erred in refusing to allow defense counsel to ask defendant whether or not he acted in self defense.

"As a general rule the witness is not allowed to express on the stand an opinion of ultimate fact or the very fact to be decided by the jury because to do so would invade the province of the jury. [Cits.]" *Jones v. State,* 232 Ga. 762, 764 (208 SE2d 850).

In an aggravated assault case in which self defense was raised, "the question of who caused the violent confrontation was an issue of fact to be decided by the jury. The witness' opinion (thereon) was, therefore, properly excluded. [Cits.]" *Garrett v. State,* 147 Ga. App. 500 (1), (249 SE2d 315).

*Smith v. State,* 247 Ga. 612 (277 SE2d 678), cited by defendant as authorizing the admission of lay opinion evidence even as to the ultimate issue, is inapposite as the holding therein applied only to expert opinion "where the conclusion of the expert is one which jurors would not ordinarily be able to draw for themselves; i.e., the conclusion is beyond the ken of the average layman." Id. at 619.

Therefore, the trial court did not err in excluding defendant's

opinion as to whether he acted in self defense.

*Judgment affirmed. Shulman, P. J., concurs. Carley, J., concurs specially.*

DECIDED SEPTEMBER 10, 1982 —
REHEARING DENIED OCTOBER 4, 1982.

*William T. Hankins III,* for appellant.
*Robert E. Wilson, District Attorney, Margaret H. Thompson, Ann Poe Mitchell, Assistant District Attorneys,* for appellee.

CARLEY, Judge, concurring specially.

I agree with all that is said in the majority opinion. With regard to Division 3, however, I would like to point out that even if the evidence excluded were competent, reversible error would not be shown in this case. "No matter how competent evidence might be, a new trial will not be granted merely because evidence has been excluded. It must appear that the excluded testimony was material and the substance of what the material evidence is must be called to the attention of the trial court at the time of its exclusion. [Cits.]" *Campbell v. State,* 149 Ga. App. 229, 300 (254 SE2d 389) (1979). The record in the instant case reveals that there was no proffer as to what the answer of the defendant would have been had the objection not been sustained. Accordingly, "[t]his enumeration presents nothing for review." *Campbell v. State,* supra.