66983, 66984. BARNETT v. FIRST FEDERAL SAVINGS & LOAN ASSOCIATION OF ATLANTA; and vice versa.

SHULMAN, Presiding Judge.
In September 1981, acting pursuant to OCGA § 44-14-231 (Code Ann. § 67-702), appellee First Federal Savings & Loan Association of

Atlanta ("S & L") sought a writ of possession on a mobile home purchased by appellant Barnett under a retail installment sales contract held by appellee. Appellant filed an answer in which he asserted that appellee S & L had improperly accelerated the retail installment contract and had created a quasi-new agreement by accepting late payments, thereby waiving strict compliance with the provisions of the retail installment contract since the notice required by OCGA § 13-4-4 (Code Ann. § 20-116) had not been given. In a counterclaim, appellant alleged that appellee had wilfully accelerated the contract. Upon the motion of the S & L, the trial court held a hearing and ordered appellant to make his contractual installment payments, as each became due, into the registry of the court. The matter subsequently came on for trial wherein the trial court directed a verdict for appellee on the counterclaim, ruling as a matter of law that the S & L's application for a writ of possession did not constitute an acceleration of the retail installment sales contract. After the jury found for appellant in the main action, he filed an appeal from the direction of the verdict against him on the counterclaim as well as various other rulings made by the trial court. Appellee filed a notice of cross appeal from the denial of its motion for directed verdict in the main action and the entry of judgment for appellant therein.

1. The basis for several of appellant Barnett's enumerated errors is the assertion that the trial court erred when it ruled that the S & L's application for writ of possession did not constitute an acceleration of the retail installment sales contract. Barnett maintains that the error in that ruling caused the trial court to make erroneous decisions on the parties' motions for directed verdict on the counterclaim and on the request that Barnett pay his contractual installments into the court registry while the litigation was pending. We disagree with appellant's contention and affirm each of the trial court's questioned rulings.

The retail installment sales contract provides that upon the default of the debtor the creditor has "the right (i) to declare all unpaid installments immediately due [less the unearned portion of the finance charge], and (ii) enter any premises and without breach of the peace take possession of the trailer . . ." In the application for the writ of possession, the creditor S & L informed the court of the default of debtor Barnett and expressed its desire to exercise its contractual right of repossession. The application also noted Barnett's monthly contractual obligation and stated the unpaid balance as of August 31, 1981.

In essence, Barnett complains that the S & L only had the contractual right to accelerate, and since it stated in the writ

application that it was exercising its contractual right, the writ actually was an acceleration of the debt. Perusal of the above-quoted provision of the contract reveals that the S & L had both the power to accelerate and the power to repossess upon the default of Barnett. Additionally, the S & L had the statutory right to take possession of the collateral when Barnett defaulted. OCGA § 11-9-503 (Code Ann. § 109A-9—503). Furthermore, the relief requested in the application for a writ of possession was repossession, not a demand for payment. The cases cited by appellant Barnett for the proposition that foreclosure is tantamount to acceleration are inapplicable since they were decided prior to the enactment of OCGA § 44-14-231 (Code Ann. § 67-702) and the Georgia Uniform Commercial Code (OCGA Title 11) (Code Ann. Title 109A). Furthermore, endorsement of appellant's theory would abrogate OCGA § 44-14-234 (1)(b) (Code Ann. § 67-705) inasmuch as there would never be a situation where unaccelerated payments would exist once foreclosure proceedings had been initiated. The trial court was correct in concluding that the S & L's application for a writ of possession did not constitute an acceleration, and the rulings which were based on that conclusion are affirmed.

2. Appellant maintains that the trial court improperly excluded certain evidence tendered by appellant. The evidence, certified copies of an order, several complaints in other cases involving foreclosures by appellee, and the application for a writ of possession filed by appellee in this case, revolved around the question of alleged acceleration by appellee. Inasmuch as it has already been determined as a matter of law that appellee's application for writ of possession did not constitute an acceleration, any error in the exclusion of the tendered evidence was harmless.

3. Appellant also takes issue with the trial court's refusal to allow a witness, an expert in mobile home financing, to give his opinion as to whether appellee S & L had accelerated the contract. The trial court ruled that the question called for a legal conclusion. "'As a general rule, a witness may not state a conclusion of law . . .'" *Gage v. Tiffin Motor Homes,* 153 Ga. App. 704, 707 (266 SE2d 345). See also *Travelers Ins. Co. v. Thornton,* 119 Ga. 455 (1, 2) (46 SE 678). The jury's need for this specific testimony was not so great as to override the longstanding rule against its admission. Compare *Stewart v. State,* 246 Ga. 70 (4a) (268 SE2d 906).

Citing *Smith v. State,* 247 Ga. 612 (277 SE2d 678), appellant argues that an expert may testify to the ultimate issue of a case. In *Smith,* the Supreme Court held that "[e]xpert opinion testimony on issues to be decided by the jury, even the ultimate issue, is admissible

where the conclusion of the expert is one which jurors would not ordinarily be able to draw for themselves; i.e., the conclusion is beyond the ken of the average layman. [Cits.]" Id., p. 619. In *Mullis v. State,* 248 Ga. 338 (2) (282 SE2d 334), the Supreme Court reiterated its position that the testimony must "relate to evidence difficult for the average juror to comprehend" before it will be allowed and, in *Sinns v. State,* 248 Ga. 385, 387 (283 SE2d 479), the court described the *Smith* holding as one which "was the result of the need to treat a unique and almost mysterious area of human response and behavior." Such is not the situation in the case at bar. The question which the parties attempted to put before the jury was one which that body could answer without the aid of expert opinion testimony as to the ultimate issue. See *Byrd v. State,* 163 Ga. App. 718 (3) (294 SE2d 686). The expert's opinion as to whether acceleration had occurred was properly excluded.

4. In its cross-appeal, the S & L takes issue with the trial court's denial of its motion for directed verdict in the main action. Cross appellant maintains that Barnett failed to prove a mutual departure from the terms of the retail installment contract.

"Where parties, in the course of the execution of a contract, depart from its terms and pay or receive money under such departure, before either can recover for failure to pursue the letter of the agreement, reasonable notice must be given to the other of intention to rely on the exact terms of the agreement. The contract will be suspended by the departure until such notice." OCGA § 13-4-4 (Code Ann. § 20-116). "[E]vidence of [the buyer's] repeated, late, irregular payments, [which are] accepted by the seller, create a factual dispute as to whether a quasi new agreement was created under [OCGA § 13-4-4 (Code Ann. § 20-116)] . . ." *Smith v. Gen. Fin. Corp. of Ga.,* 243 Ga. 500, 501 (255 SE2d 14). Since there was evidence of the S & L's acceptance of Barnett's late, irregular payments, this court's opinion in *Newby v. Bank of Pinehurst,* 159 Ga. App. 890 (285 SE2d 605), in which we distinguished between late payments and nonpayments, is inapposite. Furthermore, Barnett testified that when an employee of the S & L called him concerning his late payments and he informed him of his medical and financial difficulties, the employee told him to pay what he could when he could insofar as the retail installment sales contract was concerned. This unrefuted testimony, coupled with the history of acceptance of late irregular payments, was sufficient to place before the jury the question of the existence of a quasi-new agreement, and the trial court did not err when it denied cross-appellant's motion for directed verdict in the main action.

*Judgment affirmed. McMurray, C. J., and Birdsong, J., con-cur.*

DECIDED JANUARY 3, 1984.

*Peter F. Boyce, R. Michael Thompson,* for appellant.
*Albert B. Wallace, Carl A. Adcock,* for appellee.

*Judgment affirmed. McMurray, C. J., and Birdsong, J., con-cur.*