70339. LEWIS v. CITIZENS & SOUTHERN NATIONAL BANK.
(332 SE2d 11)

BANKE, Chief Judge.

This is an action to recover actual and punitive damages for defamation, based on publication of two foreclosure notices.

Appellant Charlie E. Lewis executed a security deed on his residence as collateral for two notes payable to the appellee, Citizens and Southern National Bank (C & S). Lewis subsequently fell behind on his payments, and C & S submitted to the local newspaper a request for publication of notices of foreclosure sales pertaining both to Lewis' property and to a tract of land owned by another debtor. These notices were published in the same issue of the newspaper; however, as to the latter tract, the notice erroneously described C & S as attorney-in-fact for Lewis, rather than for the other debtor. Four days after the foreclosure notices were published, Lewis brought his note up to date; and C & S withdrew the foreclosure proceedings.

The trial court directed a verdict in favor of C & S as to the notice dealing with the sale of property owned by the other debtor, and the jury returned a verdict in favor of C & S as to the remaining counts. Lewis appeals. *Held*:

1. The trial court did not err in granting a directed verdict in favor of C & S as to the count based on the publication of the notice

involving the third party. The evidence showed that this notice correctly identified the property owner and that Lewis' name was not associated with the indebtedness owed on the tract. Furthermore, according to the newspaper publisher, the erroneous inclusion of Lewis' name in the ad resulted from a clerical mistake by one of his employees; and there was absolutely no evidence to indicate that C & S was responsible for this error. It follows that C & S was entitled to a verdict on this count as a matter of law.

2. Lewis contends that by accepting late and irregular payments, C & S had departed from the terms of the note and security deed and therefore could not accelerate the balance due and institute foreclosure proceedings without first providing him notice of its intention to rely upon the exact terms of the original agreement. Based on this contention, he asserts that the foreclosure notice conveyed untrue information, resulting in defamation of his character. In this regard, he enumerates as error several of the court's instructions to the jury pertaining to this issue of whether a quasi new agreement was formed.

As a general rule, evidence of acceptance by a creditor of repeated, late, irregular payments from a debtor creates a factual question as to the formation of a quasi new agreement. See OCGA § 13-4-4 (formerly Code Ann. § 20-116); *Smith v. Gen. Finance Corp. of Ga.,* 243 Ga. 500 (255 SE2d 14) (1979). However, the evidence in this case shows without dispute that Lewis was not merely late and irregular in making his payments but had failed altogether to make five of the ten monthly installment payments which had become due as of the time the notice of foreclosure was published. Under these circumstances, C & S clearly was entitled pursuant to the terms of the security agreement to accelerate the entire balance due and to institute foreclosure proceedings. Accord *Newby v. Bank of Pinehurst,* 159 Ga. App. 890 (285 SE2d 605) (1981). See also *Williams v. Doster,* 153 Ga. App. 174 (1) (264 SE2d 707) (1980). Thus, the evidence demanded a verdict in favor of C & S as to all counts of the complaint. It follows that the enumerations of error going to the court's charge provide no ground for reversal.

3. The remaining enumerations of error are rendered moot in light of the foregoing.

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

Decided May 8, 1985 —
Rehearing denied May 23, 1985 —

*J. Patrick Ward,* for appellant.
*Elliott P. McCollum, F. Thomas Young,* for appellee.