A91A0341. BOOTH v. GWINNETT FEDERAL SAVINGS & LOAN ASSOCIATION.
(406 SE2d 568)

CARLEY, Judge.

Appellant-defendant executed a promissory note in favor of appellee-plaintiff. When appellant subsequently failed to make three consecutive monthly payments, appellee accelerated the unpaid balance of the indebtedness. When appellant thereafter failed to pay the accelerated balance, appellee brought the instant suit. Appellant answered and, among his other defenses, asserted that appellee's acceleration of the indebtedness was in breach of a quasi new agreement as to the terms upon which he was obligated to make payments on the note. After discovery, appellee moved for summary judgment. The trial court granted summary judgment in favor of appellee and appellant appeals.

Appellant urges that a genuine issue of material fact remains as to whether there was a quasi new agreement whereby appellee had agreed to accept late and irregular payments on the note rather than to insist upon timely and exact payments as specified under the terms of the note. OCGA § 13-4-4 provides that "[w]here parties, in the

course of the execution of a contract, depart from its terms and pay or receive money under such departure, before either can recover for failure to pursue the letter of the agreement, reasonable notice must be given to the other of intention to rely on the exact terms of the agreement. The contract will be suspended by the departure until such notice." However, this is *not* a case wherein the acceleration of the unpaid balance due on a note was based upon the mere *untimely* payment of a monthly installment. Compare *Curl v. Fed. S & L Assn. &c.*, 241 Ga. 29 (244 SE2d 812) (1978). Appellee accelerated the unpaid balance due on the note based upon appellant's total *failure* to make any payments whatsoever for three consecutive months. While there may be evidence that, in the past, appellee had accepted *untimely* payments and applicable late charges from appellant, there is no evidence that appellee had previously waived its right to *any* payment whatsoever on the note for a three-month period. Under OCGA § 13-4-4, a "party must be given a reasonable opportunity to cure any deviations from the exact terms before foreclosure can be commenced due to *defaults which were tolerated under the quasi new agreement*." (Emphasis supplied.) *Curl v. Fed. S & L Assn. &c.*, supra at 30. There is no evidence that appellee tolerated a previous three-month failure to make any payments on the note such that appellant would be entitled to receive notice before appellee could effect a valid acceleration based upon his instant three-month failure to make any payments whatsoever on the note. It follows that the trial court correctly granted summary judgment in favor of appellee. *Lewis v. C & S Nat. Bank*, 174 Ga. App. 847, 848 (2) (332 SE2d 11) (1985); *Newby v. Bank of Pinehurst*, 159 Ga. App. 890 (285 SE2d 605) (1981).

*Judgment affirmed. Banke, P. J., and Beasley, J., concur.*

DECIDED JUNE 18, 1991.

*Lamberth, Bonapfel, Cifelli, Wilson & Stokes, Gary D. Stokes, Stuart F. Clayton, Jr.,* for appellant.
*Webb, Tanner & Powell, Anthony O. L. Powell,* for appellee.