**THIRD DIVISION**
**DOYLE, P. J.,**
**MERCIER and HODGES, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

_**DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.**_

**March 1, 2021**

# In the Court of Appeals of Georgia

A20A1723. THE HATCHETT FIRM, P. C. et al. v. ATLANTA LIFE FINANCIAL GROUP, INC.  ME-006

MERCIER, Judge.

Beginning in 2014, Atlanta Life Financial Group, Inc. ("Atlanta Life") subleased office space to The Hatchett Firm, P. C. and Durham Law Group, P. C. ("subtenants"). Following the subtenants' failure to pay rent, Atlanta Life filed suit against them, their managing director and principal claiming breach of contract. Atlanta Life filed a motion for summary judgment on its claims and the subtenants' counterclaims for breach of contract, recoupment, and attorneys fees, which the trial court granted. The subtenants appeal, claiming that Atlanta Life waived its right to

collect rent and breached the sublease.[1] For the following reasons, we affirm in part and reverse in part.

Summary judgment is proper if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving part is entitled to a judgment as a matter of law[.]" OCGA § 9-11-56 (c). "In our de novo review of the grant of a motion for summary judgment, we must view the evidence, and all reasonable inferences drawn therefrom, in the light most favorable to the nonmovant." *Circle K Stores v. T. O. H. Assoc.*, 318 Ga. App. 753, 754 (734 SE2d 752) (2012) (citation and punctuation omitted).

So viewed, the evidence showed the following. In 2012, Atlanta Life leased office space, located at 191 Peachtree Street in Atlanta, from 191 Peachtree Project LLC ("landlord")[2], pursuant to a "master lease." On November 15, 2014, Atlanta Life

---

[1] Atlanta Life also filed suit and obtained summary judgment on conversion and writ of possession claims related to the subtenants' refusal to return rented furnishings and art. The subtenants do not appeal the trial court's ruling on the writ of possession and conversion claims.

[2] At some point 191 Peachtree Project, LLC, sold the property to Banyan Street/GAP 191 Peachtree Owner, LLC, but the briefs do not point to when the sale occurred. For the purposes of this appeal, the date of sale is not relevant, and we will refer to 191 Peachtree Project, LLC and Banyan, it's successor in interest, collectively

and The Hatchett Firm entered into a sublease, which was subsequently amended on June 29, 2016, to add The Durham Law Group.

Beginning in January 2018, the subtenants admittedly failed to pay the full amount of rent required by the sublease to Atlanta Life. Furthermore, beginning in November 2018, they ceased paying any rent to Atlanta Life. On April 12, 2019, Atlanta Life sent a demand letter to the subtenants demanding, inter alia, the unpaid rent.

On May 17, 2019, the subtenants entered into a lease agreement for the subleased premises directly with the landlord. On the same day, the landlord and Atlanta Life entered into an amended lease agreement that terminated the subleased portion.

Atlanta Life filed the underlying lawsuit against the subtenants on May 31, 2019, alleging that the subtenants breached the sublease by failing to pay past due rent. The subtenants filed an answer and counterclaim, seeking damages for breach of contract, recoupment, and attorneys fees, claiming that Atlanta Life terminated the master lease without their consent, which breached the sublease.

---

as "landlord."

1. The subtenants do not contend that they paid the full amount of rent from January 2018 to April 2019. Instead they admit to submitting only partial rent payments to Atlanta Life for ten months, and then failing to pay any rent to Atlanta Life for six months. However, the subtenants claim that the trial court erred by granting Atlanta Life's motion for summary judgment because a genuine issue of material fact remains as to whether Atlanta Life waived the terms of the sublease by not issuing a demand for the unpaid rent until its April 12, 2019 letter.

> A mutual departure from the terms of an agreement results in a quasi-new agreement suspending the original terms of the agreement until one party has given the other reasonable notice of its intent to rely on the original terms. The question whether the parties' mutual conduct caused a waiver and effected a quasi-new agreement ordinarily is a question for the jury.

*Circle K Stores*, supra at 754-755 (1) (citation and punctuation omitted). See also OCGA § 13-4-4. "The burden of proof lies with the party asserting waiver[.]" *Miller v. Hiawassee Allen Family, LLC*, ___ Ga. App. ___ (849 SE2d 500) (2020) (citation and punctuation omitted).

In 1979, our Supreme Court answered the following question in the affirmative: "does the evidence of repeated late, irregular payments accepted by the

4

seller create a factual dispute as to whether a quasi new agreement was created"?[3]

*Smith v. Gen. Finance Corp. of Ga.*, 243 Ga. 500 (255 SE2d 14) (1979); See also Ga.

Const. of 1983, Art. VI, Sec. VI, Par. VI ("The decisions of the Supreme Court shall

bind all other courts as precedents."). While the *Smith* case discussed the sale of an

automobile and dealt with late, irregular payments, rather than partial or non-existent

rent payments, the underlying logic is identical to the issue at hand. See id. at 500. By

repeatedly accepting payment (or nonpayment) in deviation from the terms stipulated

in the sublease, a factual dispute arose as to whether a quasi-new agreement was

created. See id. at 501. Atlanta Life did not object to the partial payment or non-

payment until 16 months after the subtenants first failed to pay the rent in full.

Furthermore, the existence of an anti-waiver provision in the sublease does not

preclude waiver, as acceptance of irregular payments raises a jury question as to

whether the anti-waiver provision in the sublease was waived. Id.; see also *Yash*

*Solutions v. New York Global Consultants*, 352 Ga. App. 127, 136 (1) (a) (834 SE2d

---

[3] In *Smith*, the quasi-new agreement was formed pursuant to Code 20-116, a pre-cursor to OCGA § 13-4-4, which states that "[w]here parties, in the course of the execution of a contract, depart from its terms and pay or receive money under such departure, before either can recover for failure to pursue the letter of the agreement, reasonable notice must be given to the other of intention to rely on the exact terms of the agreement. The contract will be suspended by the departure until such notice."

126) (2019) ("under Georgia law, a no-waiver or anti-waiver provision in a contract may itself be waived.")

There is no dispute in the present matter that Atlanta Life accepted partial rent payment or no rent payment at all from the subtenants for 16 months, and Atlanta Life does not claim that it notified the subtenants of its desire to adhere to the sublease's terms until 16 months after the first partial rent payment. As such, pursuant to *Smith*, an issue of material fact exists as to whether that acceptance created a quasi-new agreement. See also *Jaraysi v. Sebastian*, 318 Ga. App. 469, 475-476 (1) (c) (733 SE2d 785) (2012) (disapproved of on other grounds by *George v. Hercules Real Estate Svcs.*, 339 Ga. App. 843, 851 (2) (a) (ii) (795 SE2d 81) (2016)*; Shalom Farms v. Columbus Bank & Trust*, 169 Ga. App. 145, 147 (2) (312 SE2d 138) (1983) (physical precedent only) (whether a party's failure to make payments created the existence of a quasi-new agreement was a question for the jury)*; Baxter v. Ga. Fed. S & L*, 152 Ga. App. 753, 753-754 (1) (264 SE2d 242) (1979). Accordingly, the trial court erred by granting summary judgment to Atlanta Life on its breach of contract claim, and the ruling is reversed. See *Smith*, supra; compare *Circle K*, supra at 755 (1) (where landlord did not accept the partial rent payments "without identifying to the tenant that he's underpaying his rent" there was no fact issue as to waiver); *Duncan*

6

*v. Lagunas*, 253 Ga. 61, 62-63 (1) (316 SE2d 747) (1984) (no mutual departure from contract when three late payments were accepted because the accepting party gave an "expression of displeasure," which conveyed that he did not intend to waive the terms of the contract).

2. The subtenants claim that the trial court erred by granting summary judgment to Atlanta Life on their counterclaim for breach of contract, recoupment, and attorneys fees. In support of their claim, the subtenants state: "Atlanta Life did not dispute that it breached the Master Lease by failing to pay rent to [the landlord]. Atlanta Life did not dispute that [the landlord] filed an eviction proceeding against Atlanta Life." However, the subtenants fail to support these statements with any citations to the record, contrary to the requirements in Court of Appeals Rule 25 (a) (1) and (c) (2) (i). "We remind counsel that it is not the job of the Court of Appeals to cull the record on behalf of a party, and that a lack of proper citations greatly hinders our consideration of the issues on appeal." *Bulgin v. Ga. Dept. of Transp.*, 292 Ga. App. 1, 2 (1) (663 SE2d 730) (2008) (citation and punctuation omitted). Furthermore, "the burden is on the party alleging error to show it affirmatively by the record. When the burden is not met, the judgment complained of is assumed to be correct and must be affirmed." *Fleming v. Advanced Stores*, 301 Ga. App. 734, 736

7

(688 SE2d 414) (2009) (citation and punctuation omitted). As the subtenants do not support this claim of breach of contract with citation to the record, it is deemed abandoned. See Court of Appeals Rule 25 (c) (2) (i).

The subtenants also claim that Atlanta Life breached the sublease by executing an amended master lease with the landlord, which terminated the portion of the master lease regarding the subleased property. The subtenants claim that by signing the amended master lease, Atlanta Life breached a provision of the sublease which stated that Atlanta Life would not terminate the master lease "without the prior express written consent" of the subtenants.

However, the subtenants, Atlanta Life, and the landlord signed a document titled "Consent to First Amendment to Sublease," which provided that if the master lease expires or terminates for any reason during the term of the sublease, the sublease simultaneously terminates or expires. The consent agreement also contained a provision stating in the event there were any conflicts between the consent agreement and the sublease, the provisions of the consent agreement "prevail unaffected" over the sublease. If the sublease's prior approval requirement was read into the consent agreement, it would frustrate the provision that allows for the master lease to be terminated (absent the subtenants' approval), and to subsequently

8

terminate the sublease. As such, the consent agreement conflicted with the sublease requirement that Atlanta Life obtain the subtenant's written consent prior to the termination of the master lease. Therefore, the consent agreement prevailed over the sublease. And Atlanta Life did not breach the sublease when it entered into an amended master lease (terminating the sublease) because it was allowed to do so by the consent agreement, which covered the same subject matter. See *Wallace v. Bock*, 279 Ga. 744, 746 (1) (620 SE2d 820) (2005) ("An existing contract is superseded and discharged whenever the parties subsequently enter upon a valid and inconsistent agreement completely covering the subject-matter embraced by the original contract.") (citation, emphasis and punctuation omitted). As such, the subtenant's counterclaim for breach of contract fails, and we affirm the trial court's ruling granting summary judgment to Atlanta Life on that claim.

Additionally, the subtenants' claims for recoupment and attorneys fees also fail as they are dependent on their breach of contract claim.[4] As discussed above, there is no issue of material fact as to whether Atlanta Life breached its sublease with the

---

[4] "A recoupment is a right of the defendant to have a deduction from the amount of the plaintiff's damages because the plaintiff has not complied with the cross-obligations or independent covenants arising under the contract being sued upon." *Automated Print v. Edgar*, 288 Ga. App. 326, 330 (2) (654 SE2d 413) (2007); see OCGA § 13-7-13.

subtenants. As such, the claim that Atlanta Life is liable for recoupment fails, and we affirm the trial court's grant of summary judgment on this ground. Similarly, the subtenants' derivative claim for attorneys fees fails. See *Houston Hosps. v. Felder*, 351 Ga. App. 394, 399 (4) (829 SE2d 182) (2019) ("derivative claims of attorney fees . . . will not lie in the absence of a finding of compensatory damages on an underlying claim") (citation and punctuation omitted).

*Judgment reversed in part, affirmed in part. Doyle, P. J., and Hodges, J., concur.*